UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL RAILROAD PASSENGER )
CORP. and BNSF RAILWAY COMPANY, )
)
    Plaintiffs, )
and )
)
EVERETT OWEN, )
et al., )
    Intervenor-Plaintiffs, )
v. ) Case No. 16-cv-1094-JTM-TJJ
)
CIMARRON CROSSING FEEDERS, LLC, )
)
    Defendant, )
and )
)
NATIONAL RAILROAD PASSENGER CORP. )
d/b/a AMTRAK; and BNSF RAILWAY )
COMPANY, )
)
    Defendants and )
    Intervenor-Defendants. )

## MEMORANDUM AND ORDER

  This case arises out of the March 14, 2016 derailment of a train operated by National Railroad Passenger Corporation ("Amtrak") on railroad tracks owned by BNSF Railway Company ("BNSF"). Amtrak and BNSF (jointly "Railroad Plaintiffs") bring this action against Defendant Cimarron Crossing Feeders, LLC ("Cimarron") alleging that Cimarron's employees allowed a feed truck to roll into and strike the railroad tracks, which resulted in damage to the track that allegedly caused the derailment. Intervenor-Plaintiffs, passengers on the Amtrak train at the time of the derailment, seek damages against Railroad Plaintiffs and Cimarron.[1] This

---

[1] For a more detailed discussion of the facts, see the Court's December 19, 2016 Memorandum & Order (ECF No. 82). *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-CV-1094-JTM-TJJ, 2016 WL 7336409, at *1 (D. Kan. Dec. 19, 2016).

matter is presently before the Court on Intervenor-Plaintiffs' Motion to Compel (ECF No. 144). Intervenor-Plaintiffs request that Railroad Plaintiffs be compelled to fully respond, without objection, to requests for admission and related interrogatories seeking admissions about video frames from the train's on-board image recorder and a photograph taken during the parties' December 7, 2016 on-site track inspection. As set forth below, the motion is GRANTED with respect to Intervenor-Plaintiffs' Request to Admit Nos. 1, 2, 3, 5–8, and Interrogatory No. 18 to BNSF/No. 10 to Amtrak. The motion is DENIED with respect to Request to Admit No. 10 and Interrogatory No. 14 to BNSF/No. 6 to Amtrak.

I.  **LEGAL STANDARDS**

Federal Rule of Civil Procedure 36 governs requests for admission. It allows a party to serve on any other party a written request to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."[2]

Rule 36(a)(4) sets out the following specific requirements regarding answers to requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.[3]

Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be

---

[2] Fed. R. Civ. P. 36(a)(1).
[3] Fed. R. Civ. P. 36(a)(4).

eliminated from the case, and secondly, to narrow the issues by eliminating those that can be [eliminated]."[4] The purpose of a request for admission generally is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[5]

Rule 33 governs interrogatories to parties. That Rule provides that the scope of an interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." It further provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or . . . [until] some other time."[6]

## II.  REQUESTS FOR ADMISSION AND INTERROGATORIES AT ISSUE

### A.  Request to Admit Nos. 1, 3, 5–8

Request to Admit Nos. 1, 3, 5–7 ask Railroad Plaintiffs to admit certain identified figures in the National Transportation Safety Board ("NTSB") Recorder Group Report accurately represent video frames from the Amtrak train's on-board image recorder and what they depict.[7] In their responses, Railroad Plaintiffs admit that the identified figures accurately represent video

---

[4] Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment.

[5] *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012).

[6] Fed. R. Civ. P. 33(a)(2).

[7] For example, Request to Admit No. 1 asks Railroad Plaintiffs to "admit that Figure 3 to the NTSB Recorder Group Report accurately represents a video frame from the Wabtec VideoTrax On-Board Image recorder depicting the small bridge at milepost 373.4 recorded at 0001:57 while AMTK 153 was traveling at 61 mph and was about 1,697 feet from the Engineer Induced Emergency (EIE) which occurred at approximately 0002:16 on March 14, 2016." BNSF & Amtrak Answers & Objs. to Intervenor-Pls.' Third Combined Disc. Instrument, at 2, ECF Nos. 145-1 and 145-2.

frames from the Amtrak train's on-board image recorder, but deny the remainder of the requests as calling for "an expert opinion as to the interpretation of the image recorder video and locomotive event recorder data."

Request to Admit No. 8 differs from the other requests because it does not seek an admission that a figure accurately represents a video frame and what it depicts. It seeks an admission from Railroad Plaintiffs that "viewing the video from the AMTK 153 Wabtac VideoTrax On-Board Image recorder reveals that the locomotive swayed right and then left at 0002:14, which was approximately two (2) seconds prior to the Engineer Induced Emergency (EIE) which occurred at approximately 0002:16 on March 14, 2016." Railroad Plaintiffs admitted that the video from the Amtrak 153 Wabtec onboard image recorder revealed that the locomotive swayed right and then left, but denied the remainder as calling for "an expert opinion as to the interpretation of the image recorder video and the locomotive event recorder data."[8]

Intervenor-Plaintiffs argue in their motion to compel that Railroad Plaintiffs' denial of the requests for admission on grounds the requests call for an expert opinion are improper objections. They claim that "[n]umerous courts have held this type of objection 'reflect[s] folklore within the bar which holds that requests for admission need not be answered if the subject matter of the request . . . . addresses a subject of expert testimony.'"[9] According to Intervenor-Plaintiffs, these requests simply seek Railroad Plaintiffs' knowledge of what the identified figures depict, and information permitting them to admit or deny the requests are within their knowledge. They request that the Court compel Railroad Plaintiffs to answer these requests for admission with an "unequivocal denial or admission."

---

[8] BNSF Answers & Objs. at 3–4; Amtrak Answers & Objs. at 4.

[9] Intervenor-Pls.' Mem. in Supp. at 6, ECF No. 145.

4

Railroad Plaintiffs argue that they "did not object to but denied the requests to the extent that they called for expert opinions on the basis that such opinions are not presently due."[10] They argue these requests improperly seek premature expert opinions by asking Railroad Plaintiffs to admit facts concerning the interpretation of the event recorder data and locomotive digital video recording as they relate to the operation of the train and time distance calculations. They maintain that requiring them to admit or deny at this stage of the litigation will provide Intervenor-Plaintiffs an unfair and prejudicial early preview of their experts' opinions. Railroad Plaintiffs contend that the motion to compel should be denied, or, to the extent responses are required, any responses to these requests for admission should be postponed until after their November 2017 deadline for serving their expert witness disclosures.

Railroad Plaintiffs *denied* the requests for admission on grounds the requests call for an expert opinion rather than formally asserting *objections* to them. However, the Court does not read Railroad Plaintiffs' responses as denying the "substance" of the matters asserted, e.g., what the identified video frame depicts, the speed at which the train was traveling, or the time to or distance from the Engineer Induced Emergency. Railroad Plaintiffs' denials of the requests for admission were thus contrary to Rule 36(a)(4), which requires that "a denial must fairly respond to the substance of the matter."

Under Fed. R. Civ. P. 36(a)(1)(A), requests for admission are explicitly allowed regarding "facts, the application of law to fact, or *opinions about either*."[11] Railroad Plaintiffs argue the requests call for their experts' opinions, but they do not indicate whether *they* have facts or opinions, or can make reasonable inquiries to obtain (independent of their experts) the knowledge or information to enable them, to admit or deny the substance of any of the multiple

---

[10] Railroad Pls.' Resp. at 3, ECF No. 151.

[11] Fed. R. Civ. P. 36(a)(1)(A) (emphasis added).

matters asserted in the requests. If they do have such knowledge or information, then even though their expert disclosure deadline has not passed, they are required to respond with whatever discoverable information they presently possess or can obtain after reasonable inquiry.[12]

The very issue raised here by Railroad Plaintiffs was addressed in *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*[13] This Court agrees with *Heartland*[14] and finds it was improper for Railroad Plaintiffs in this case to deny Request to Admit Nos. 1, 3, 5–8 on grounds the requests seek to elicit expert opinion before the expert disclosure deadline. Railroad Plaintiffs must answer the Requests with the knowledge and information they presently possess, or can obtain after reasonable inquiry (independent of their experts), and cannot delay their responses until after their expert disclosure deadline.

Railroad Plaintiffs may assert lack of knowledge or information in lieu of admitting or denying the requests for admission prior to their expert disclosure deadline *if* they have made reasonable inquiry and the information they know or can readily obtain is insufficient to admit or deny. As the Advisory Committee's Note explains:

> The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when it is not, the information may be close enough

---

[12] *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *5 (D. Kan. Oct. 29, 2007) ("It is insufficient, however, for a responding party to refuse to respond to a request for admission or simply state that its expert will provide the requested information in accordance with the expert disclosure deadlines; notwithstanding any expert disclosure deadlines, the responding party is required to respond with whatever discoverable information it presently has.") (citing *Bradley v. Val–Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *2 (D. Kan. Oct. 9, 2001)).

[13] 2007 WL 3171768, at *5 (overruling objections that requests for admission improperly seek to elicit expert testimony in advance of the expert disclosure deadline).

[14] *Id.*

6

at hand to be "readily obtainable." Rule 36 requires only that the party state that he has taken these steps.[15]

Railroad Plaintiffs shall serve amended answers to Request to Admit Nos. 1, 3, 5–8 in accordance with Rule 36(a)(4) within seven (7) days of the date of this Order, i.e., either admitting or denying based upon their own knowledge or asserting lack of knowledge or information after reasonable inquiry. The Court further orders that Railroad Plaintiffs shall supplement their answers to these Requests within ten (10) days of service of their expert disclosures and reports required by Rule 26(a)(2). Again, this is consistent with *Heartland,* specifically contemplated by the language of Rule 36(a)(1)(A) explicitly allowing requests for admission regarding opinions, and in furtherance of the purpose of requests for admission.

### B. Interrogatory No. 18 to BNSF/No. 10 to Amtrak

Intervenor-Plaintiffs also served Interrogatory No. 18 to BNSF/No. 10 to Amtrak, which asks Railroad Plaintiffs, for each Request to Admit denied or qualified, to "list the facts on which you base your response, identify all documents supporting any such fact or allegation, and identify all persons with knowledge of each such fact."[16] In response, Railroad Plaintiffs incorporated their "answers and objections to the above Requests for Admissions" and referred Intervenor-Plaintiffs to the locomotive video and the event recorder data, which Railroad Plaintiffs claim will, in part, be the subject of the opinions of their experts to be disclosed pursuant to the Court's Scheduling Order.

The Court construes Railroad Plaintiffs' interrogatory response to be asserting an objection, similar to the denials asserted to Request to Admit Nos. 1, 3, 5–8, that answering the interrogatory will call for a premature expert opinion in advance of Railroad Plaintiffs' expert

---

[15] Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment.

[16] BNSF Answers & Objs. at 5–6; Amtrak Answers & Objs. at 5.

7

disclosure deadline. For the same reasons set out above, the Court finds it was improper for Railroad Plaintiffs to not answer this interrogatory on grounds it seeks to elicit an expert opinion before the expert disclosure deadline. If Railroad Plaintiffs deny or qualify any of their answers to Request to Admit Nos. 1, 3, 5–8, then they shall answer Interrogatory No. 18 to BNSF/No. 10 to Amtrak with knowledge or information in their possession or that they can obtain after reasonable inquiry (independent of their experts).

Because the Court is ordering Railroad Plaintiffs to serve amended answers to Request to Admit Nos. 1, 3, 5–8, Railroad Plaintiffs shall also serve amended answers to Interrogatory No. 18 to BNSF/No. 10 to Amtrak, and these amended answers shall be served within seven (7) days of the date of this Order. The Court further orders that Railroad Plaintiffs supplement their answers to these Interrogatories within ten (10) days of service of their expert disclosures and reports required by Rule 26(a)(2).

### C. Request to Admit No. 2

Intervenor-Plaintiffs' Request to Admit No. 2 asks Railroad Plaintiffs to "[p]lease admit that the view to the east down the track from the small bridge at milepost 373.4 was an unobstructed view down tangent track." Railroad Plaintiffs responded as follows:

> Plaintiff admits that the track directly to the east of the small bridge at milepost 373.4 was tangent track. Plaintiff objects to the remainder of this Request in that it is vague and ambiguous and does not define what is meant by "unobstructed view" including the distance at issue and other relevant factors such as the available lighting. Therefore, Plaintiff denies the remainder of this Request.[17]

Railroad Plaintiffs contend they are not required to respond to a request for admission that is vague and ambiguous. They argue that Request No. 2 is vague and ambiguous because it fails to define the term "unobstructed view" and to account for critical additional elements,

---

[17] BNSF Answers & Objs. at 2; Amtrak Answers & Objs. at 2.

8

including the distance at issue or under what lighting conditions Intervenor-Plaintiffs sought the admission of fact. They point out the derailment occurred at night in an unlighted area.

A party objecting to a discovery request as vague or ambiguous has the burden to show such vagueness or ambiguity.[18] In responding to discovery requests, including requests for admission, the responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized.[19]

Railroad Plaintiffs fail to meet their burden to show that Request No. 2 is vague and ambiguous because the term "unobstructed view" is undefined. Railroad Plaintiffs can exercise reason and common sense to attribute the ordinary definition to the term "unobstructed view." Intervenor-Plaintiffs have also cited in their motion the Merriam-Webster Dictionary definition of "unobstructed" to mean "clear or free from obstructions or obstacles; not obstructed."[20]

Railroad Plaintiffs also argue that the Request is vague and ambiguous because it fails to account for distance or the lighting conditions. With respect to the distance argument, the Request asks Railroad Plaintiffs to admit whether the view "to the east down the track from the small bridge at milepost 373.4" was an unobstructed view. From this description, the viewing point would be from the small bridge at milepost 373.4 and looking eastward down the track. The distance measurement is not needed to answer whether the track view from that viewing point and direction was unobstructed. With respect to the argument that Request No. 2 fails to take into account whether the view is "obstructed" by the lighting conditions, Railroad Plaintiffs can answer as far as possible with appropriate qualifications or explanations. The Court

---

[18] *Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR/GLR, 2011 WL 1559422, at *2 (D. Kan. Apr. 25, 2011).

[19] *Id.*

[20] Intervenor-Pls.' Mem. in Supp. at 7.

9

overrules Railroad Plaintiffs' vague and ambiguous objection and directs them to answer Request No. 2. If necessary, Railroad Plaintiffs can admit or deny with appropriate qualification or explanation.

### D. Request to Admit No. 10 and Interrogatory No. 14 to BNSF/No. 6 to Amtrak

Intervenor-Plaintiffs' Request to Admit No. 10 shows a close-up photograph of the side view of a section of railroad track and asks Railroad Plaintiffs to admit the photograph "shows a cracked rail joint bar." Railroad Plaintiffs responded as follows:

> Plaintiff objects to the Request in that the photo is cropped and does not show the entire joint bar. Railroad Plaintiff further objects to this Request, because, upon information and belief, the photograph was taken on December 7, 2016, long after the incident at issue at a location other than the point of the derailment and concerns conditions that did not exist at the time of the incident and are, therefore, not relevant to the claims or defenses in this case. Plaintiff lacks sufficient information from the photograph to admit or deny this Request.

Intervenor-Plaintiffs' Interrogatory No. 14 to BNSF/No. 6 to Amtrak asks "[w]hat would be the maximum speed that trains should be allowed to travel over a cracked rail joint bar like the one depicted in [the photograph shown in Request to Admit No. 10]?" Railroad Plaintiffs asserted the following objections:

> Plaintiff objects to the interrogatory because it is vague and ambiguous and does not supply sufficient information to enable Plaintiff to properly respond in that neither the photo nor the interrogatory identify the location of the track condition including the track type (i.e. main or siding) nor do they supply any measurements with respect to the track conditions allegedly depicted in the photo. Plaintiff further objects to this Request, because, upon information and belief, the photograph was taken on December 7, 2016, long after the incident at issue at a location other than the point of the derailment and concerns conditions that did not exist at the time of the incident and are, therefore, not relevant to the claims or defenses in this case.

Discovery requests must be relevant on their face.[21] Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[22] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[23] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[24]

Because the photograph referenced by Request to Admit No. 10 and Interrogatory No. 14 to BNSF/No. 6 to Amtrak depicts a rail joint bar not at the derailment site, taken several months after the derailment, the relevancy of the discovery requests inquiring about it is not readily apparent on its face. Intervenor-Plaintiffs, as the party seeking the discovery, thus have the burden to show the relevancy.

Intervenor-Plaintiffs argue they are not requesting that Railroad Plaintiffs admit this photograph is of a rail joint at the location of derailment or concerns conditions at the time of derailment. They contend this request for admission and interrogatory seek relevant information because they have made claims of inadequate maintenance, and asking Railroad Plaintiffs to identify how fast a train should travel over an inadequately maintained track that has a cracked

---

[21] *Waters v. Union Pac. R.R. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016).

[22] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[23] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[24] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

rail joint bar is relevant to Intervenor-Plaintiffs' claims that this train was traveling too fast for track conditions.

Railroad Plaintiffs argue that a cropped photograph not showing the entire rail bar, taken at a remote location away from the derailment site nearly a year after the derailment, is not relevant to the claims and defenses in this case. Railroad Plaintiffs state that NTSB and FRA investigators conducted a detailed inspection of the derailment site on the date of the derailment including the inspection, measurement, and photo documentation of the area of the track preceding the derailment. The NTSB and FRA independent investigators found that all track conditions were within FRA Track Safety Standards at the time of the derailment. Railroad Plaintiffs argue the point of the derailment (i.e. where the train first left the rails) was identified by the NTSB and FRA investigators, and there was no joint or joint bar at this location.

The Court finds that Intervenor-Plaintiffs have not met their burden to show the relevancy of Request to Admit No. 10 and Interrogatory No. 14 to BNSF/No. 6 to Amtrak. It does not appear that this photograph, allegedly showing a cracked rail joint—taken at an unidentified location but not at the derailment site and not close to the time of the derailment—bears on or reasonably could lead to other matter that could bear on the claims at issue in this particular case. The Court therefore sustains Railroad Plaintiffs' relevancy objections to Request to Admit No. 10 and Interrogatory No. 14 to BNSF/No. 6 to Amtrak.

**IT IS THEREFORE ORDERED THAT** Intervenor-Plaintiffs' Motion to Compel (ECF No. 144) is granted in part and denied in part. The motion is GRANTED with respect to Intervenor-Plaintiffs' Request to Admit Nos. 1, 2, 3, 5–8, and Interrogatory No. 18 to BNSF/No. 10 to Amtrak. The motion is DENIED with respect to Intervenor-Plaintiffs' Request to Admit No. 10 and Interrogatory No. 14 to BNSF/No. 6 to Amtrak. Railroad Plaintiffs shall serve

amended answers to Request to Admit Nos. 1, 2, 3, 5–8 in accordance with Fed. R. Civ. P. 36(a)(4) and amended answers to Interrogatory No. 18 to BNSF/No. 10 to Amtrak **within seven (7) days of the date of this Order.** The Court further orders that Railroad Plaintiffs supplement their answers to Request to Admit Nos. 1, 3, 5–8 and Interrogatory No. 18 to BNSF/No. 10 to Amtrak **within ten (10) days of service of their Fed. R. Civ. P. 26(a)(2) expert witness disclosures**.

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses related to this motion.

IT IS SO ORDERED.

Dated April 20, 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge