UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and BNSF RAILWAY COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| EVERETT OWEN, et al., | ) ) ) |
| Intervenor-Plaintiffs, | ) |
| v. | ) Case No. 16-cv-1094-JTM-TJJ |
| CIMARRON CROSSING FEEDERS, LLC, | ) ) ) |
| Defendant, | ) |
| and | ) ) |
| NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK; and BNSF RAILWAY COMPANY, | ) ) ) ) |
| Defendants and Intervenor-Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Responses Against Intervenor-Plaintiff Timothy Davidson ("Davidson") (ECF No. 157). Plaintiffs request an order overruling Davidson's objections, and finding insufficient his substantive responses to seventeen of Plaintiffs' interrogatories and thirteen of Plaintiffs' requests for production of documents. Specifically, Plaintiffs seek to compel Davidson to supplement his answers to Plaintiffs' First Set of Interrogatories Nos. 1–4, 6, 8, 14–16, 18–19, 22–23, 25–27, 28(b), and produce documents responsive to Plaintiffs' First Request for Production of Documents Nos. 8, 17, 27–32, 37–39, 46, and 48. Plaintiffs further request that Davidson be compelled to provide his supplemental answers and responsive documents within 10 days of the Court's order, with

the exception of Interrogatory Nos. 1, 3 (insofar as it seeks the dollar value of claimed future economic damages), 4, and Request for Production Nos. 6, 37, 38, and 39, for which Plaintiffs request that Davidson provide substantive responses no later than Intervenor-Plaintiffs' expert disclosures deadline.

Plaintiffs filed this motion on April 7, 2017. While this motion was pending and on the day Davidson's response was due, his counsel filed an Amended Affidavit in support of their earlier-filed March 31, 2017 motion to withdraw. The Amended Affidavit (ECF No. 167) stated that Davidson was served on April 15, 2017 by private process server with a detailed letter outlining all pending hearings, trials, and deadlines. Based upon the Amended Affidavit, the Court entered an order granting the motion of Davidson's counsel of record to withdraw.[1] Recognizing this resulted in Davidson being unrepresented, the Order also extended Davidson's deadline for filing a response to Plaintiffs' motion to compel by two weeks, until to May 5, 2017. A copy of the Court's April 21, 2017 Order and Plaintiffs' motion to compel was mailed to Davidson. To date, Davidson has not filed any response in opposition to Plaintiffs' motion to compel.

Because Davidson failed to file a response to the motion to compel by the May 5, 2017 deadline, the Court will consider and decide Plaintiffs' motion as uncontested. As provided by the Court's Local Rule 7.4(b), "[i]f a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[2] The Court is cognizant that while his original discovery answers and responses were prepared by his counsel,

---

[1] *See* Apr. 21, 2017 Order Granting Motion for Withdrawal of Attorneys, ECF No. 169.
[2] D. Kan. Rule 7.4(b).

2

Davidson is now a pro se litigant. Even proceeding pro se, he is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[3]

The Court notes that for all but five of Plaintiffs' interrogatories and requests for production, Davidson's answer or response was that it "will be supplemented." He asserted "vague and overbroad" objections to two interrogatories and three requests for production.[4] The Court overrules these objections. By failing to timely file a response in opposition to Plaintiffs' motion to compel, the Court deems Davidson's previously asserted objections to these discovery requests abandoned.[5]

Accordingly, the Court grants the motion and orders Davidson to supplement in writing his answers to the interrogatories and produce documents responsive to the requests for production that were identified in Plaintiffs' motion to compel. Davidson is cautioned that failure to comply with this Court's discovery order may subject him to sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), including possibly prohibiting him from presenting any of the requested discovery as evidence in support of his claims or dismissal altogether of his claims from this case. The Court strongly encourages Davidson to retain another attorney to represent him.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel Discovery Responses Against Intervenor-Plaintiff Timothy Davidson (ECF No. 157) is GRANTED. Davidson is ordered to serve supplemental answers to Plaintiffs' First Interrogatory Nos. 2, 6, 8,

---

[3] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se parties must follow the same rules of procedure that govern other litigants)).

[4] Davidson also argued in his objections that he should not be required to answer prior to the completion or near completion of discovery. In their motion, Plaintiffs request that Davidson provide substantive responses no later than the deadline for Intervenor-Plaintiffs' expert designations.

[5] *See Booth v. Davis*, No. 10-4010-RDR, 2014 WL 3542059, at *1 (D. Kan. July 17, 2014) ("Objections initially raised but not asserted in the objecting party's response to a motion to compel are deemed abandoned.").

14–16, 18–19, 22–23, 25–27, 28(b); and produce all documents responsive to Plaintiff's First Request for Production Nos. 8, 17, 27–32, 46, and 48. Davidson shall do so **within twenty-one (21) days of the date of this Order.**

**IT IS FURTHER ORDERED** that Intervenor-Plaintiff Davidson shall serve supplemental answers to Plaintiffs' First Interrogatory Nos. 1, 3 (insofar as it seeks the dollar value of claimed future economic damages) and 4, and produce documents responsive to Request for Production Nos. 6, 37, 38, and 39, but he shall have up to and including the Scheduling Order deadline for Intervenor-Plaintiffs' expert designations and disclosures, which is presently **November 6, 2017**, to do so.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses related to this motion. The withdrawal of Davidson's counsel during the pendency of this motion to compel is an extraordinary circumstance which the Court concludes would make an award of expenses under Fed. R. Civ. P. 37(a)(5)(A) unjust.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Davidson.

IT IS SO ORDERED.

Dated May 11, 2017, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge