IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL RAILROAD PASSENGER CORP.;
BNSF RAILWAY COMPANY,

                Plaintiffs,

and

EVERETT OWEN, *et al.*,

                Intervenor-Plaintiffs,

v.                                                          Case No. 6:16-cv-01094-JTM

CIMARRON CROSSING FEEDERS, LLC,

                Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion to reconsider by National Railroad Passenger Corp. ("Amtrak") and BNSF. Dkt. 163. The motion argues the court clearly erred in its prior Memorandum and Order (Dkt. 150) in holding that a railroad is a "common carrier" within the meaning of K.S.A. § 66-176 and is liable for attorney fees for certain regulatory violations. Alternatively, plaintiffs argue the question should be certified to the Kansas Supreme Court. Dkt. 164. The court concludes that the motion should be denied.

A motion to reconsider a non-dispositive order must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. R. 7.3(b).

In their motion to reconsider, plaintiffs essentially reassert the same arguments previously made, albeit with additional canons of statutory construction and a more extensive "parade-of-horribles" than before. They previously argued, as they do now, that the Kansas legislature's 2005 removal of "railroads" from the statutory definition of "common carrier" necessarily means a railroad is not a common carrier. The court considered that argument, but was ultimately swayed by long-standing common law treating railroads as common carriers, by the legislature's choice not to limit the meaning of "common carrier" to those entities specifically listed in the statute, and by the legislature's apparent choice not to declare that railroads are excluded from the definition of common carrier, despite having done so with respect to other entities.

As plaintiffs concede, there is no binding authority on this question. The issue is certainly not free from doubt, and plaintiffs make plausible arguments that could support a different conclusion. But the factors cited above still apply, and the court is not persuaded that treating railroads as common carriers under K.S.A. § 66-176, and subjecting them to the same liability as other common carriers, amounts to clear error or manifest injustice. If the legislature intended to exclude railroads from this provision, a simple statement to that effect would have done so. The court cannot rewrite the existing terms of the statute to further an asserted legislative purpose. *Cf. Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393, 403 (2010) ("[W]hat matters is the law the Legislature *did* enact. We cannot rewrite that to reflect our perception of legislative purpose."). The court therefore denies plaintiffs' motion to reconsider.

The court also denies the alternative request to certify this issue to the Kansas Supreme Court. The decision to certify a question is discretionary. *Koch Bus. Holdings, LLC v. Amoco Pipeline Holding Co.*, No. 05-1237-JTM, 2006 WL 647613, *7 (D. Kan. Mar. 15, 2006) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). As noted in *Koch Bus. Holdings*, federal courts have a duty to decide questions of state law even if the proper interpretation is difficult or uncertain. *Id*. at *7. "Certification should be used with caution because 'it entails more delay and expense than would an ordinary decision of the state question on the merits by the federal court.'" *Id*. (quoting *Lehman Bros.*, 416 U.S. at 394 (Rehnquist, J. concurring)). In this instance, there are several factors weighing against certification, including the fact that plaintiffs chose this federal forum in the first instance, piecemeal litigation of liability under K.S.A. § 66-176 would delay the litigation and increase expenses, and plaintiffs waited until after an adverse ruling in this court to seek certification.

**IT IS THEREFORE ORDERED** this 26th day of May, 2017, that plaintiffs' Motion to Reconsider (Dkt. 163), including its alternative request to certify, is DENIED.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE