UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL RAILROAD PASSENGER )
CORP. and BNSF RAILWAY COMPANY, )
)
        Plaintiffs, )
and )
)
EVERETT OWEN, )
et al., )
        Intervenor-Plaintiffs, )
v. ) Case No. 16-cv-1094-JTM-TJJ
)
CIMARRON CROSSING FEEDERS, LLC, )
)
        Defendant, )
and )
)
NATIONAL RAILROAD PASSENGER CORP. )
d/b/a AMTRAK; and BNSF RAILWAY )
COMPANY, )
)
        Defendants and )
        Intervenor-Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Intervenor-Plaintiffs' Motion to Compel Discovery (ECF No. 219).[1] Intervenor-Plaintiffs request an order compelling Plaintiffs National Railroad Passenger Corporation ("Amtrak") and BNSF Railway Company ("BNSF") (jointly "Railroad Plaintiffs") to produce documents responsive to five requests for production of documents and to answer one interrogatory. As set forth below, the motion is granted in part and denied in part.

---

[1] For a more detailed discussion of the facts, see the Court's December 19, 2016 Memorandum & Order (ECF No. 82). *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-CV-1094-JTM-TJJ, 2016 WL 7336409, at *1 (D. Kan. Dec. 19, 2016).

## I. DISCOVERY REQUESTS AND INTERROGATORY AT ISSUE

### A. Request for Complete Unedited Locomotive Video (sought by Intervenor-Plaintiffs' First Request for Production No. 1)

Intervenor-Plaintiffs request the Court compel Amtrak to produce the "complete unedited" locomotive video downloaded and provided to the National Transportation Safety Board ("NTSB") after the March 14, 2016 derailment. They acknowledge Amtrak previously produced a one-minute video clip from the locomotive's videorecorder depicting approximately a one mile section of the track prior to the derailment as the locomotive travelled over it. They now request that Amtrak be ordered to produce the complete one hour of video data downloaded from the locomotive videorecorder after the derailment and provided to the NTSB. They contend new issues have arisen that warrant the production of the complete unedited Amtrak locomotive video.

Amtrak objects to Intervenor-Plaintiffs' request as an untimely and improper attempt to raise again the issue of the locomotive video that was produced over six months ago on March 10, 2017. Amtrak argues Intervenor-Plaintiffs' current "re-urged" discovery request is nothing more than an attempt to circumvent District of Kansas Local Rule 37.1, which requires motions to compel discovery be filed within 30 days. It points out Intervenor-Plaintiffs' Request No. 1 was originally served on September 6, 2016 and Amtrak responded on October 6, 2016, nearly a year ago. Amtrak also objects to the request as being overbroad in scope, not reasonably limited, and seeking information that is neither relevant nor proportional to the needs of the case. It submits that the one hour of video is completely irrelevant and in fact was not even utilized by the NTSB for the purpose of its analysis of the incident at issue in this case. This is the same video (and only video) analyzed and discussed by the NTSB in its Event and On-Board Image Recorders Group Factual Report. Amtrak acknowledges the NTSB Report also references that,

2

under the supervision of the NTSB, one hour of onboard track image recorder video was downloaded from the Amtrak locomotive that derailed, but argues this download was made to a digital storage medium that was taken by the NTSB at the scene of the derailment and has been retained by the NTSB.

Intervenor-Plaintiffs assert in support of their request for the full locomotive video that their experts have identified lateral sway issues and need to review the video evidence for the entire period of time this train was traveling on the allegedly substandard bolted-rail sections that were traversed immediately prior to this derailment. According to Intervenor-Plaintiffs, lateral sway in this area that covers over 50 miles of substandard track would have required the locomotive engineer to decrease speed to a level where the lateral sway was not a factor in the safe operation of the train. This did not become apparent to Intervenor-Plaintiffs until the May 2, 2017 deposition of the train engineer (and receipt of deposition transcript on July 18, 2017), and the August 16, 2017 deposition of Danny O'Connell, the corporate designee for Amtrak on operations training (and receipt of deposition transcript on August 30, 2017).

The Court overrules Amtrak's objections to production of the complete unedited locomotive video downloaded and provided to the NTSB after the March 14, 2016 derailment. The Court finds the request is limited in scope and is relevant to Intervenor-Plaintiffs' claims in the case. Intervenor-Plaintiffs also have provided a reasonable explanation why they waited nearly six months to request the complete one-hour locomotive video after receiving the one-minute locomotive video produced by Amtrak on March 10, 2017. Intervenor-Plaintiffs' motion to compel Amtrak to produce the complete unedited locomotive video downloaded and provided to the NTSB after the March 14, 2016 derailment is granted. Amtrak shall produce a copy or link

for the requested one-hour Amtrak locomotive video of the subject incident to Intervenor-Plaintiffs **within fourteen (14) days of the date of this Memorandum and Order**.

      **B.**      **Fifth Request for Production No. 37 to Amtrak (No. 51 to BNSF) (Southwest Chief Project correspondence)**

Intervenor-Plaintiffs next request an order compelling Amtrak to produce documents responsive to their Fifth Request No. 37 (No. 51 to BNSF), which seeks "all correspondence, including email, between Amtrak and Seneca, BNSF, KDOT and/or Garden City regarding" the Southwest Chief Project. Railroad Plaintiffs object to this request on the grounds that it is overly broad in that it is not limited to a relevant time period. But subject to their objection, they produced documents in response to Intervenor-Plaintiffs' discovery requests.

Intervenor-Plaintiffs served identical document requests in their notices of Rule 30(b)(6) video depositions served on BNSF and Amtrak (as Request 3). In its September 26, 2017 Memorandum and Order (ECF No. 234) ("September 26 Order"), the Court sustained the Railroad Plaintiffs' objection that the request was not properly limited in scope or proportional to the needs of the case. It found the request for correspondence between Railroad Plaintiffs and multiple other entities regarding the Southwest Chief Project—a federal grant application for track improvements between Hutchinson, Kansas, and Las Animas, Colorado—should be limited to the vicinity of the derailment location. The Court granted Railroad Plaintiffs' request for protective order limiting the scope of the discovery sought in the request to the vicinity of the derailment location, which the Court defined as "five (5) miles on either side of the damaged track at the derailment site (Milepost 373.07)."

Consistent with its earlier ruling, the Court sustains the Railroad Plaintiffs' overly broad objection to this request and imposes this same limitation on Intervenor-Plaintiffs' Fifth Request

4

No. 37 to Amtrak (No. 51 to BNSF). The Court grants Intervenor-Plaintiffs' motion to compel as to Fifth Request No. 37 to Amtrak (No. 51 to BNSF), but limits it to correspondence regarding the Southwest Chief Project for the vicinity of the derailment location, which is defined as five miles on either side of the damaged track at the derailment site (Milepost 373.07). Railroad Plaintiffs shall produce documents responsive to Intervenor-Plaintiffs' Fifth Request No. 37 to Amtrak (No. 51 to BNSF), but subject to this limitation **within fourteen (14) days of the date of this Memorandum and Order**.

### C. Fifth Request for Production No. 38 to Amtrak (No. 52 to BNSF) (Southwest Chief Project documents received)

Fifth Request No. 38 to Amtrak (No. 52 to BNSF) seeks production of "all documents received from BNSF [Amtrak] or Seneca relating to" the Southwest Chief Project. Although not clear, it appears Amtrak originally objected to the request on the grounds it is overly broad.[2] Intervenor-Plaintiffs state in their motion they are willing to limit this request to communications about track conditions and/or imminent speed reductions if Railroad Plaintiffs are willing to stipulate regarding the extent of their involvement in the Southwest Chief Project.

The Court has already ruled on identical document requests served by Intervenor-Plaintiffs in their Rule 30(b)(6) notices of video depositions served on BNSF and Amtrak (as Request 4). In its September 26 Order, the Court found Railroad Plaintiffs had not shown they previously produced all responsive documents and information and denied their request for a protective order.

---

[2] Amtrak's original answer to Fifth Request No. 38 (BNSF No. 52) served on August 11, 2017 is not attached to the motion or briefing, but appears to be the same as its objection to Defendant Cimarron's Request No. 8. *See* Mot. to Compel Appendix B at 2, ECF No. 220-2.

Here, Railroad Plaintiffs appear to have asserted a different objection than asserted in response to the identical Rule 30(b)(6) deposition document request.  In their Response to the present motion, they incorporate by reference their arguments and objections to any discovery pertaining to the Southwest Chief Project in their prior motion for protective order and reply. They then state discovery concerning the Southwest Chief Project is "irrelevant, extremely burdensome, harassive and not proportional to the needs of this case."

Similar to its ruling on Southwest Chief Project correspondence above, the Court grants Intervenor-Plaintiffs' motion to compel Request No. 38 to Amtrak (No. 52 to BNSF), but limits the Request to documents relating to the Southwest Chief Project for the vicinity of the derailment location, which is defined as five miles on either side of the damaged track at the derailment site (Milepost 373.07). Railroad Plaintiffs shall produce documents responsive to Intervenor-Plaintiffs' Fifth Request No. 38 to Amtrak (No. 52 to BNSF), but subject to this limitation **within fourteen (14) days of the date of this Memorandum and Order**.

> D.  **Fifth Request for Production No. 40 to Amtrak (No. 54 to BNSF)(Seneca spreadsheet)**

Intervenor-Plaintiffs' Fifth Request No. 40 to Amtrak (No. 54 to BNSF) requests production of the "spreadsheet co-created by Seneca to coordinate lobbying effects."  Railroad Plaintiff objects to this request because it seeks information that is irrelevant and not proportional to the needs of the case.

The Court also previously ruled on an identical document request for the Seneca lobbying spreadsheet in Intervenor-Plaintiffs' Rule 30(b)(6) notices of video depositions served on BNSF and Amtrak (as Request 6).  The Court sustained the Railroad Plaintiffs' relevancy objections to those document requests in its September 26 Order and granted Railroad Plaintiffs' motion for a
6

protective order that they need not respond to the document request. In its Order, the Court found the requested spreadsheet not relevant on its face to the issues in this case and Intervenor-Plaintiffs had not come forward with any additional explanation of the relevancy of the requested spreadsheet.

In their present motion, Intervenor-Plaintiffs do not explain the relevancy of the request but state they are willing to withdraw this request if Railroad Plaintiffs agree to a stipulation regarding their involvement in the South Chief Project. Railroad Plaintiffs do not appear to be willing to agree to such stipulation. Therefore, consistent with its earlier September 26 Order, the Court sustains Railroad Plaintiffs' relevancy objections to Intervenor-Plaintiffs' Fifth Request No. 40 to Amtrak (No. 54 to BNSF). Intervenor-Plaintiffs' motion to compel is denied and Railroad Plaintiffs need not respond to Fifth Request No. 40 to Amtrak (No. 54 to BNSF).

      **E.**      **Fourth Request for Production No. 47 to BNSF (Rail defect detector car reports)**

Intervenor-Plaintiffs' Fourth Request No. 47 asks BNSF to produce "the 2014 and 2015 BNSF rail [defect] detector car reports, including any Sperry rail test cars, for five miles in either direction of MP 373.07." Intervenor-Plaintiffs state in their motion they agree to limit the timeframe to 2015, but believe the records should include all rail evaluations for all of 2015 and 2016, including December 2016, which is the month of the Court-ordered track inspection.

BNSF objects to this request for the reason that it is overbroad in time and seeks information that is irrelevant and not proportional to the needs of the case. BNSF has already produced the rail defect detector car report for the Sperry rail test car that preceded the

7

derailment for the time period September 1, 2015 to March 31, 2016.³ BNSF supplemented its response and produced another report for the period January 1, 2016 to January 31, 2016.⁴

The Court sustains in part BNSF's overbreadth and relevancy objection to Request No. 47. The Court finds the rail defect detector car reports for the year preceding the March 14, 2016 derailment relevant to the issue of the track condition, but does not find these reports after the derailment to be relevant. BNSF shall produce documents responsive to Intervenor-Plaintiffs' Fourth Request No. 47, but limited to reports for the one-year time period March 14, 2015 to March 14, 2016, and which have not already been produced, **within fourteen (14) days of the date of this Memorandum and Order**.

### F. Fourth Interrogatory No. 19 to BNSF (Identification of track maintenance employees)

Intervenor-Plaintiffs' Fourth Interrogatory No. 19 asks BNSF to identify "all employees by full name and job title that were part of the following [nine maintenance] gangs from March 2015 through December 2016. If any employees are former employees please also so identify those employees and provide their last known contact information." BNSF objects to this interrogatory as currently phrased and based upon the time period requested. BNSF states that Maintenance of Way gangs, especially production gangs, change employees frequently, and therefore it is unduly burdensome and not proportional to the needs of the case to require BNSF to identify the employees for each of gangs for the time period at issue. Subject to this objection, BNSF states that it is attempting to identify the employees assigned to the above gangs as of the

---

³ Ex. C-2, ECF No. 220-3

⁴ Ex. C-1, ECF No. 220-3.

time of the derailment, and will supplement its response to this interrogatory to the extent that such information is available.

The Court sustains in part BNSF's unduly burdensome objection to Interrogatory No. 19 to the extent the timeframe of the request is excessive. The Court finds the Interrogatory seeks information on BNSF track maintenance employees for nine gangs spanning a twenty-two month time period.  Intervenor-Plaintiffs have failed to show the relevance of track maintenance employee information for the requested nine-month period *after* the March 14, 2016 derailment. With respect to the twelve-month time period preceding the derailment, BNSF has convinced the Court of the burdensome nature of the interrogatory requesting information on maintenance gang employees who frequently change. The Court will therefore further limit Interrogatory No. 19 to the six months preceding the derailment. The Court grants in part Intervenor-Plaintiffs' motion to compel as to Interrogatory No. 19, but limits it to the six-month time period September 14, 2015 through March 14, 2016.

**IT IS THEREFORE ORDERED THAT** Intervenor-Plaintiffs' Motion to Compel Discovery (ECF No. 219) is GRANTED IN PART AND DENIED IN PART. Pursuant to Fed. R. Civ. P. 37, the motion is granted as to the request for the complete unedited locomotive video. Amtrak shall produce a copy or link for the requested one-hour Amtrak locomotive video of the subject incident to Intervenor-Plaintiffs **within fourteen (14) days of the date of this Memorandum and Order**.  The motion is granted in part as to Fifth Request Nos. 37 and 38 to Amtrak (Nos. 51 and 52 to BNSF), Fourth Request No. 47 to BNSF, and Interrogatory No. 19 to BNSF. Railroad Plaintiffs shall produce documents responsive to these discovery requests and answer Interrogatory No. 19, subject to the specific limits imposed by this Order, **within**

9

**fourteen (14) days of the date of this Memorandum and Order**. The motion is denied as to Fifth Request No. 40 to Amtrak (No. 54 to BNSF).

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses related to this motion.

**IT IS SO ORDERED.**

Dated October 12, 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge