UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and BNSF RAILWAY COMPANY, <br><br> Plaintiffs, <br> and <br><br> EVERETT OWEN, et al., <br><br> Intervenor-Plaintiffs, <br> v. <br><br> CIMARRON CROSSING FEEDERS, LLC, <br><br> Defendant, <br> and <br><br> NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK; and BNSF RAILWAY COMPANY, <br><br> Defendants and Intervenor-Defendants. | Case No. 16-cv-1094-JTM-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on the Request for Protective Order contained in Intervenor-Plaintiffs' Memorandum in Support of Their Motion for Sanctions Against BNSF Railway Company and National Railroad Passenger Corporations (ECF No. 263) ("Motion for Protective Order"). As set forth below, the request is denied.

Intervenor-Plaintiffs filed a motion for sanctions against Railroad Plaintiffs, alleging extreme discovery abuses by those parties.[1]  Although not mentioned in their motion, Intervenor-Plaintiffs include in their supporting memorandum a one-paragraph motion for

---

[1] ECF No. 262.

protective order.[2] Intervenor-Plaintiffs seek to be relieved of their obligation to respond to Railroad Plaintiffs' Requests for Admissions, Third Requests for Production, and Second Set of Interrogatories, until further discovery is completed. Railroad Plaintiffs oppose the motion.

Railroad Plaintiffs served these discovery requests on October 13, 2017. Intervenor-Plaintiffs filed their motion for protective order on November 13, 2017, the day their responses were due. Although Railroad Plaintiffs contend that Intervenor-Plaintiffs failed to comply with D. Kan. Rule 37.2 by not conferring or making reasonable efforts to confer with Railroad Plaintiffs' counsel, Intervenor-Plaintiffs view their protective order request as one portion of their motion for sanctions which they discussed by telephone with Railroad Plaintiffs' counsel. The Court finds that Intervenor-Plaintiffs have complied with D. Kan. Rule 37.2 with respect to their motion for sanctions and, by extension, to this request.

## I.     Legal Standards

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[3] The decision to enter a protective order is within the Court's broad discretion.[4] Despite this broad discretion, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[5] In

---

[2] ECF No. 263 at 28-29.

[3] Fed. R. Civ. P. 26(c)(1).

[4] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[5] *Herrera v. Easygates, LLC*, No. 11–CV–2558–EFM–GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).

addition, the party seeking a protective order bears the burden of establishing good cause.[6] The moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[7]

## II.     Analysis

In asking for a protective order, Intervenor-Plaintiffs do nothing to demonstrate entitlement to protection beyond merely citing Rule 26(c). They characterize Railroad Plaintiffs' discovery requests as overly broad, but do not say what makes them so. They assert the discovery is premature because they cannot provide substantive responses until further discovery is completed, but do not explain why they did not respond to the discovery in accordance with the Rules. Their one-paragraph motion contains no particular and specific demonstrations of fact, nor does it mention annoyance, embarrassment, oppression, or undue burden or expense—at least one of which Rule 26(c) requires to establish entitlement to protection. Intervenor-Plaintiffs make additional arguments in their reply brief. However, the Court will not consider arguments raised for the first time in a reply brief, particularly where the arguments could have been made in the first instance.[8]

"Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[9] The Court finds that Intervenor-Plaintiffs have not met their burden to

---

[6] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[7] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[8] *See, e.g., Martinelli v. Petland, Inc.*, No. 10-407-RDR, at *3 (D. Kan. Oct. 7, 2010).

[9] *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005).

show they need protection from responding to Railroad Plaintiffs' Requests for Admissions, Third Requests for Production, and Second Set of Interrogatories. The Court will therefore order Intervenor-Plaintiffs to respond to those sets of discovery, and cautions Intervenor-Plaintiffs to carefully adhere to the requirements of Rule 26(g) in so doing.

The Court intends to award expenses under Rule 26(c)(3), but will defer addressing the issue until it rules on the balance of Intervenor-Plaintiffs' motion for sanctions as well as the cross-motion for sanctions.[10]

**IT IS THEREFORE ORDERED THAT** Intervenor-Plaintiffs' motion for protective order asking to be relieved of their obligation to respond to Railroad Plaintiffs' Requests for Admissions, Third Requests for Production, and Second Set of Interrogatories (as contained in Intervenor-Plaintiffs' Memorandum in Support of Their Motion for Sanctions Against BNSF Railway Company and National Railroad Passenger Corporations (ECF No. 263)) is denied.

**IT IS FURTHER ORDERED THAT** no later than **ten (10) days from the date of this Order**, Intervenor-Plaintiffs shall serve their responses and objections, if any, to Railroad Plaintiffs' Requests for Admissions, Third Requests for Production, and Second Set of Interrogatories.

**IT IS FURTHER ORDERED THAT** an award of expenses pursuant to Fed. R. Civ. P. 26(c)(3) is taken under advisement.

**IT IS SO ORDERED.**

---

[10] ECF No. 263 (Intervenor-Plaintiffs' motion); ECF No. 280 (Railroad Plaintiffs' cross-motion).

Dated January 19, 2018, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge

5