UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and BNSF RAILWAY COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| EVERETT OWEN, et al., | ) ) ) |
| Intervenor-Plaintiffs, | ) |
| v. | ) ) |
| CIMARRON CROSSING FEEDERS, LLC, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK; and BNSF RAILWAY COMPANY, | ) ) ) ) |
| Defendants and Intervenor-Defendants. | ) ) |

Case No. 16-cv-1094-JTM-TJJ

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Consolidate Discovery (ECF No. 311) filed by Plaintiffs National Railroad Passenger Corporation ("Amtrak") and BNSF Railway Company ("BNSF") (jointly "Railroad Plaintiffs"). The Railroad Plaintiffs request that the Court consolidate liability discovery in this action (the "Derailment Lawsuit") with another action filed by an Amtrak employee involved in the same March 14, 2016 train derailment, *Olivares v. National Railroad Passenger Corp., et al.*, Case No. 17-cv-2397-CM-KGS (the "FELA Lawsuit"). The same motion to consolidate discovery was filed in the FELA Lawsuit. The motion states all parties agree that consolidation for liability discovery purposes is proper, and no response opposing the motion was filed within the D. Kan. Rule 6.1(d)(1) time period. The Court thus considers the motion unopposed.

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The decision whether to consolidate is within the sound discretion of the trial court.[1] In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[2] "The court generally weighs the time and effort that would be saved by consolidation against any inconvenience, delay, or expense caused by consolidation."[3] Courts also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[4]

Railroad Plaintiffs seek an order consolidating the Derailment Lawsuit with the FELA Lawsuit only for purposes of discovery on the overlapping liability issues. They state all discovery from the Derailment Lawsuit has been produced in the FELA Lawsuit, and they are not requesting that the Scheduling Order dates and deadlines in the FELA Lawsuit be amended to coincide with the Second Amended Scheduling Order in effect in the Derailment Lawsuit.

Although the Derailment Lawsuit and the FELA Lawsuit both have negligence claims that involve a common question of law or fact, the Court concludes that the requested consolidation for purposes of liability discovery does not warrant consolidation of these cases

---

[1] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[2] *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JAR, 2010 WL 4386911, at *2 (D. Kan. Oct. 29, 2010).

[3] *Id.*

[4] *Id.*

under Rule 42.  The limited purpose of the case consolidation, combined with the fact the cases were filed over a year apart, are procedurally at different stages, and would continue to have different case deadlines, all convince the Court that consolidating these cases would not promote judicial economy, but would likely create the potential for confusion regarding discovery-related deadlines and case settings. For example, the fact discovery deadline on liability issues in the Derailment Lawsuit expires on February 5, 2018, while the discovery deadline in the FELA Lawsuit is not set to expire until June 8, 2018. The Court also finds that the parties have agreed to exchange and already have exchanged liability discovery in and between the two cases without the need for consolidation of the cases. The parties have not explained why they cannot continue, by agreement, to share discovery on the common liability issues.

**IT IS THEREFORE ORDERED THAT** the Motion to Consolidate Discovery (ECF No. 311) is denied. This Order does not preclude the parties from continuing to share discovery in the two cases on the common liability issues by agreement.

IT IS SO ORDERED.

Signed this 30th day of January 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge