UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and BNSF RAILWAY COMPANY, )<br><br>Plaintiffs, )<br>and )<br><br>EVERETT OWEN, )<br>et al., )<br>Intervenor-Plaintiffs, )<br>v. )<br><br>CIMARRON CROSSING FEEDERS, LLC, )<br><br>Defendant, )<br>and )<br><br>NATIONAL RAILROAD PASSENGER CORP. )<br>d/b/a AMTRAK; and BNSF RAILWAY )<br>COMPANY, )<br><br>Defendants and )<br>Intervenor-Defendants. ) | Case No. 16-cv-1094-JTM-TJJ |

## **MEMORANDUM AND ORDER**

On February 1, 2018, the Court conducted a motion hearing by telephone on the Motion for Sanctions (ECF No. 262) filed by Intervenor-Plaintiffs, and the Cross-Motion for Sanctions (ECF No. 280) filed by Plaintiffs National Railroad Passenger Corporation ("Amtrak") and BNSF Railway Company ("BNSF") (jointly "Railroad Plaintiffs"). Intervenor-Plaintiffs appeared through counsel, Robert L. Pottroff and C. Michael Bee. Railroad Plaintiffs appeared through counsel, Sean P. Hamer and Craig M. Leff. Defendant Cimarron Crossing Feeders, LLC appeared through counsel, Michael J. Judy.

This Memorandum and Order memorializes and supplements the oral rulings made at the hearing.

1.      The parties' requests for evidentiary hearing on the motions for sanctions are DENIED.  The Court has thoroughly reviewed the briefing and exhibits to the motions for sanctions, as well as the parties' witness and exhibit lists for the previously scheduled January 19, 2018 evidentiary hearing.[1] Based upon this review and counsels' answers to the Court's extensive questions during the February 1 telephone hearing, the Court concludes an evidentiary hearing would not be helpful to the Court in ruling on the specific issues raised in the motions for sanctions, and would only further delay resolution of the motions.

2.      Intervenor-Plaintiffs' Motion for Sanctions (ECF No. 262) is DENIED and Railroad Plaintiffs' Cross-Motion for Sanctions (ECF No. 280) is GRANTED. The discovery abuses alleged by Intervenor-Plaintiffs in their motion appear overstated or do not rise to the level of sanctionable offenses.  Railroad Plaintiffs have provided explanations for the discovery abuses alleged by Intervenor-Plaintiffs, which either fully refute the allegations or provide additional information or context, which diminishes the substance of the allegations.

With respect to specific allegations, the Court finds Railroad Plaintiffs have provided additional material information regarding Intervenor-Plaintiffs' allegation that Railroad Plaintiffs' counsel coached and altered the October 12, 2017 deposition testimony of BNSF Rule 30(b)(6) witness Duane Befort ("Befort"). Railroad Plaintiffs explain that their counsel knew Befort testified incorrectly during his pre-break testimony regarding the slow order "date removed" column and whether a slow order was in effect at the time of the derailment.  Indeed, Intervenor-Plaintiffs' counsel conceded during the telephone hearing that Befort did testify

---

[1] The Court previously granted the parties' requests for evidentiary hearing and set a hearing for January 19, 2018 (ECF No. 281). On January 16, 2018, Intervenor-Plaintiffs filed and the Court granted their unopposed request to reserve evidentiary hearing and convert the January 19, 2018 hearing to a telephone status conference (ECF No. 321).  Intervenor-Plaintiffs were unable to attend the January 19 telephone status conference, so it was thereafter continued to February 1, 2018 (ECF No. 325).

incorrectly at the conclusion of his direct testimony. In order to correct that testimony, Railroad Plaintiffs' counsel took a "break" after the conclusion of direct questioning by Intervenor-Plaintiffs' counsel so that Befort could verify information concerning the track bulletin at issue. The Court finds that some action was proper and necessary by Railroad Plaintiffs' counsel to correct Befort's testimony and the record.  The Court also finds that Befort did ultimately testify truthfully in response to questions from Railroad Plaintiffs' counsel regarding the true state of affairs with respect to the slow order termination date. Thus, although the hour long deposition "break" was unusual and therefore suspect, the conduct of Railroad Plaintiffs' counsel during the break in the Befort deposition and the questioning of Befort following the break was not improper and/or sanctionable under the circumstances presented here.

     Railroad Plaintiffs have also refuted the allegation they concealed documents until it became advantageous to their defense or legal theory.  Intervenor-Plaintiffs accused Railroad Plaintiffs of concealing a spreadsheet containing important notations made by the track inspector, including a notation of a "25mph slow order." However, Railroad Plaintiffs have clearly demonstrated that the referenced spreadsheet was produced to Intervenor-Plaintiffs on June 2, 2017 as Bates Number BNSF005928, months before the alleged October 11, 2017 document dump and the Befort deposition. They also point out that Intervenor-Plaintiffs' counsel deposed BNSF track inspector Bryice Gilliam about this same spreadsheet at his June 7, 2017 deposition.

     Intervenor-Plaintiffs also take issue with Railroad Plaintiffs' alleged failure to produce slow orders until Befort's deposition.  However, Railroad Plaintiffs objected to the early discovery requests Intervenor-Plaintiffs served requesting slow orders over a ten-year period and instead produced a slow order log for a limited time period. Intervenor-Plaintiffs never moved to

compel the actual slow orders at issue in those discovery requests. In addition, Railroad Plaintiffs point out that Intervenor-Plaintiffs' Sixth Combined Discovery Instrument Request 57 ("Sixth Discovery Request"), which did request specific slow orders including Bulletin 8554, was not served until September 19, 2017. Railroad Plaintiffs' responses to this discovery request therefore would not have been due until October 19, 2017, a week after Befort's October 12, 2017 scheduled deposition.  Railroad Plaintiffs also point out Intervenor-Plaintiffs' motion to compel BNSF corporate designee (ECF No. 226), including a topic seeking testimony on slow orders, was still pending at the time of Befort's deposition.  Railroad Plaintiffs' counsel suggested that the Befort deposition be postponed, but Intervenor-Plaintiffs refused. When viewed in light of these circumstances, the Court finds that Intervenor-Plaintiffs' own decision to proceed with the Befort deposition on October 12, 2017, before the Railroad Plaintiffs' discovery responses were due and before the Court ruled on the pending motion to compel the 30(b)(6) designee witness testimony, contributed to the events Intervenor-Plaintiffs allege as the basis for their Motion for Sanctions.

Finally, the circumstances surrounding Railroad Plaintiffs document production on October 11, 2017, just prior to the Befort deposition, diminish Intervenor-Plaintiffs' allegation Railroad Plaintiffs' engaged in an "eleventh hour document dump." Those circumstance include the parties' prior agreement to delay discovery subject to the NTSB hold, Intervenor-Plaintiffs' failure to move to compel production of documents responsive to prior discovery requests, recent service of Intervenor-Plaintiffs' Sixth Discovery Request on September 19, 2017, and the pendency of Intervenor-Plaintiffs' motion to compel Rule 30(b)(6) deposition topics. Viewed in in light of these circumstances, the Court cannot conclude Railroad Plaintiffs' document production on October 11, 2017 was improper.

As a whole, the allegations in Intervenor-Plaintiffs' Motion for Sanctions appear to be based in large part upon either a mistake as to relevant facts, an incorrect assumption later shown to have an innocent or innocuous explanation, or a tendency to jump to incorrect conclusions and attribute nefarious motives rather than giving the other side an opportunity to address these issues and resolve the misunderstandings. The Court does not find any of the alleged misconduct asserted by Intervenor-Plaintiffs against Railroad Plaintiffs rises to the level of a sanctionable offense.

Intervenor-Plaintiffs' action in filing their Motion for Sanctions directly caused Railroad Plaintiffs to incur significant expense in filing their response and prompted the filing of their Cross-Motion for Sanctions.  Intervenor-Plaintiffs' motion caused Railroad Plaintiffs and the Court to expend and waste substantial time, effort, and resources addressing the allegations of the motion, which were refuted or found to be overstated. The Court's denial of Intervenor-Plaintiffs' Motion for Sanctions therefore warrants granting Railroad Plaintiffs' Cross-Motion for Sanctions.

This decision is further supported by a number of factors, including Intervenor-Plaintiffs' behavior in proceeding with their Motion for Sanctions without thoroughly investigating the underlying factual bases for those allegations, such as making sure a document had not already been produced to them. Additionally, Intervenor-Plaintiffs included inaccurate statements in their briefing, including an inaccurate statement of the law from the District of Kansas regarding deposition conferences and an inaccurate quotation of legal authority.[2] And, they refused to concede or withdraw erroneous positions taken on certain issues, most notably the concealed

---

[2] In footnote 1 of their reply (ECF No. 293), Intervenor-Plaintiffs acknowledge they misquoted *Sinclair v. Kmart Corp.*, No. 95-1170-JTM, 1996 U.S. Dist. LEXIS 19661 (D. Kan. Dec. 9, 1996), in their memorandum in support of their Motion for Sanctions (ECF No. 263 at 16).

track notes spreadsheet issue. In that regard, Intervenor-Plaintiffs stated inaccurately in their initial memorandum that Railroad Plaintiffs did not produce the complete spreadsheet until several months after it had been produced, and persisted in making this argument in their reply even after Railroad Plaintiffs pointed out in their response Intervenor-Plaintiffs' error.

3. Because Intervenor-Plaintiffs' filing of their Motion for Sanctions directly caused Railroad Plaintiffs to incur significant expense in opposing the motion and prompted the filing of their Cross-Motion for Sanctions, Railroad Plaintiffs are therefore awarded their reasonable expenses, including attorney's fees, incurred in opposing Intervenor-Plaintiffs' Motion for Sanctions under the Court's inherent authority.[3]

4. In addition, consistent with the sanctions rulings above and the Court's January 19, 2018 Memorandum and Order, which denied the portion of Intervenor-Plaintiffs' Motion for Sanctions requesting a protective order relieving them of their obligation to respond to Railroad Plaintiffs' discovery requests until further discovery,[4] Railroad Plaintiffs are granted their reasonable expenses, including attorney's fees, incurred in opposing Intervenor-Plaintiffs' Motion for Protective Order (ECF No. 262) under Rules 26(c)(3) and 37(a)(5)(B).

5. Railroad Plaintiffs' request for sanctions associated with their Motion for Protective Order Regarding the Third Notices of Video Deposition (ECF No. 237) is DENIED.

---

[3] *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991) ("a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'"). *See also Raymond v. Spirit AeroSystems Holdings, Inc.,* No. 16-1282-JTM, 2017 WL 3895012, at *6 (D. Kan. Sept. 6, 2017) (affirming magistrate judge's decision to award sanctions under court's inherent power).

[4] In denying the motion for protective order, the Court ordered Intervenor-Plaintiffs to respond to Railroad Plaintiffs' Requests for Admissions, Third Requests for Production, and Second Set of Interrogatories. The Court also deferred any ruling with respect to expenses, but stated it "intends to award expenses under Rule 26(c)(3)." ECF No. 324.

While the Court sustained many of the Railroad Plaintiffs' objections to the Deposition Topics and Requests at issue, it also overruled a number of their objections as well.

**IT IS THEREFORE ORDERED THAT** Intervenor-Plaintiff's Motion for Sanctions (ECF No. 262) is DENIED and Railroad Plaintiffs' Cross-Motion for Sanctions (ECF No. 280) is GRANTED.

**IT IS FURTHER ORDERED THAT** Railroad Plaintiffs shall have until **February 22, 2018** to file a motion under Fed. R. Civ. P. 37(a)(5) and 26(c)(3) requesting their *reasonable* expenses incurred in opposing Intervenor-Plaintiffs' Motion for Sanctions and Motion for Protective Order, along with affidavits and documentation supporting the requested amount of reasonable expenses, including attorney's fees. Intervenor-Plaintiffs and/or their attorneys shall have **14 days thereafter** to file a response.

**IT IS SO ORDERED.**

Dated February 7, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge