IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL RAILROAD PASSENGER CORP.
and BNSF RAILWAY COMPANY,

        Plaintiffs,

and

EVERETT OWEN, *et al.*,

        Intervenor-Plaintiffs,

v.                                                                                                No. 16-1094-JTM

CIMARRON CROSSING FEEDERS, LLC,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on a motion by "the railroad plaintiffs" (Amtrak and BNSF) to bifurcate the trial. (Dkt. 279). They argue the case should be tried in separate liability and damage phases, and further that each of the 27 individual damage claims of the Intervenor-Plaintiffs should be tried separately. (*Id.* at 17). The Intervenor-Plaintiffs strongly oppose any suggestion for separate jury trials as to each passenger, and further argue that any decision on bifurcation is premature. (Dkt. 296 at 9).

The rules of civil procedure provide in part that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, [or] counterclaims." Fed. R. Civ. P. 42(b). In doing so the court must preserve any federal right to a jury trial. *Id*.

The issue of whether any of the three potentially responsible parties (Amtrak, BNSF, and Cimarron Crossing) is at fault for the derailment appears to present a distinct issue that lends itself to a separate decision. Although the court finds no party would suffer undue prejudice from a single jury trial resolving all issues jointly, determining liability prior to determining damage issues could help reduce overall trial time, simplify decision-making for the jury, and further interests of convenience. The railroad plaintiffs contend that absent bifurcation, the trial will take longer than the 40 days currently allocated. If true, the argument for bifurcation becomes stronger, as a trial of that length would be a significant burden on a single group of jurors.

At the same time the court rejects any suggestion of separate jury trials with respect to each individual passenger. The reply brief of the railroad plaintiffs denies they are seeking such relief, stating that they merely want individual damage claims to be considered separately by the jury. (Dkt. 306 at 3-4). The latter is a sensible suggestion, as it would be overwhelming for the jury to listen to evidence about 27 separate individuals before attempting to make a determination of individual damages. But a jury could reach a partial or tentative verdict with respect to each individual after hearing the evidence about that individual. Or, if the parties decided to waive the right to a jury trial on damages, a special master could be appointed to hear evidence and make a determination or issue a report and recommendation on damages.

At this point, the issues that will be presented to the fact-finder have not crystallized. However, a trial to determine liability alone makes sense. It will determine how liability, if any, is to be apportioned, and if the facts support a claim for punitive

damages. If the jury finds liability on the part of one or more responsible parties, the court, the parties, and the jury will find a mutually agreeable time to set the damages phase, including punitive damages, for trial. The court will not move the liability phase of the trial from its current October 16, 2018 setting.

**IT IS THEREFORE ORDERED** this 15th day of February, 2018, that plaintiffs' Motion to Bifurcate (Dkt. 279) is GRANTED to the extent stated above.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE