UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and BNSF RAILWAY COMPANY, <br><br>    Plaintiffs, <br>and <br><br>EVERETT OWEN; et al., <br><br>    Intervenor-Plaintiffs, <br><br>v. <br><br>CIMARRON CROSSING FEEDERS, LLC, <br><br>    Defendant, <br>and <br><br>NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK; and BNSF RAILWAY COMPANY, <br><br>    Defendants and <br>    Intervenor-Defendants. | Case No. 16-cv-1094-JTM-TJJ |

## ORDER MEMORIALIZING MARCH 1, 2018 DISCOVERY STATUS CONFERENCE

On March 1, 2018, the Court conducted a telephone discovery conference regarding the Railroad Plaintiffs' objections to the sufficiency of Intervenor-Plaintiffs' answers to BNSF's Second Interrogatories. Railroad Plaintiffs appeared through counsel, Sean P. Hamer and Craig M. Leff. Intervenor-Plaintiffs appeared through counsel, Robert L. Pottroff and C. Michael Bee. Defendant Cimarron Crossing Feeders, LLC appeared through counsel, Michael J. Judy. This order memorializes the oral rulings made during the conference.

1.     **Railroad Plaintiffs' Objections to the Sufficiency of Intervenor-Plaintiffs' Answers to Second Interrogatories**

In an email to the Court in advance of the telephone conference, Railroad Plaintiffs identified Second Interrogatories 1(b), 1(c), 2(b), 2(c), and 2(d) as in dispute. After reviewing Intervenor-Plaintiffs' supplemented interrogatory answers, the email from Railroad Plaintiffs' counsel outlining the alleged deficiencies, and hearing from counsel for Intervenor-Plaintiffs and Railroad Plaintiffs, the Court provided its guidance regarding the sufficiency of Intervenor-Plaintiffs' supplemented answers to BNSF's Second Interrogatories 1 and 2. The Court provided guidance that Intervenor-Plaintiffs' answers merely referring by mileposts to an approximately six-mile section of track are not sufficient answers to Interrogatories 1(b) and 2(c), which ask for the "specific location, by milepost reference, of any condition that failed to comply with the federal standard of care." As discussed in more detail at the conference, Intervenor-Plaintiffs should supplement their interrogatory answers to more precisely identify the milepost locations, with references to photographs, depicting track locations with conditions they contend show a failure to comply with the federal standard of care.

The Court also provided guidance that Intervenor-Plaintiffs' answers to Interrogatories 1(c) and 2(d) should be revised to reflect that Intervenor-Plaintiffs will further supplement their answers after obtaining refined and/or enhanced locomotive and geometry car videos that identify specific locations on the videos.

With respect to their answer to Interrogatory 2(a), Intervenor-Plaintiffs should re-review their list of BNSF engineering instructions. If any of the cited engineering instruction are not responsive to Interrogatory 2(a), they should be deleted from the answer. If there are specific

subsections or portions of any cited instruction which were allegedly violated, the answer should be supplemented with references to the specific subsections and portions.

The Court expressed its view Intervenor-Plaintiffs' answer to Interrogatory 2(b) is sufficient. Railroad Plaintiffs' objections appear to raise legal questions or issues rather than the insufficiency of the stated answer.

The Court expressed concern regarding the parties' propensity in this case to file motions to compel rather than to confer and resolve issues which, in many instances, should not have required Court involvement.   The Court strongly encouraged counsel to attempt to resolve their differences with regard to these disputed interrogatories without further Court involvement. The Court also noted that counsels' time may be better spent conducting depositions to discover details and specifics rather than haggling over the specificity of written discovery responses.

Intervenor-Plaintiffs shall serve supplemental answers to Interrogatories 1(b), 1(c), 2(c), and 2(d) by **March 9, 2018**. If after reviewing the supplemental answers, Railroad Plaintiffs claim Intervenor-Plaintiffs' supplemented answers are still insufficient, their counsel shall confer via a teleconference with Intervenor-Plaintiffs' counsel.   If unable to resolve any remaining issues, counsel for Railroad Plaintiffs and Intervenor-Plaintiffs shall email chambers (either jointly or in separate emails) by **close of business (5:00 pm) on March 12, 2018** advising of the status of any remaining disputes with a brief description of each party's position. The Court will then set another conference on the matter, either by telephone or as an in-person hearing.

### 2. Railroad Plaintiffs' Motion to Compel Discovery from Intervenor-Plaintiffs (ECF No. 341)

The Court also inquired regarding the status of Railroad Plaintiffs' motion to compel personal activity tracker data and devices from Intervenor-Plaintiffs (ECF No. 341). The parties advised that they resolved their disputes concerning this motion and have agreed that Intervenor-Plaintiffs will produce the requested personal activity tracking data by **March 19, 2018**. With the agreement of the parties, the Court will enter an order on the docket finding this motion moot.

### 3. Defendant Cimarron Crossing Feeders, LLC's Motion to Compel (ECF No. 304)

The Court explained its reasons in denying Defendant Cimarron Crossing Feeders, LLC's motion to compel Railroad Plaintiffs to produce the Operating Agreement between Amtrak and BNSF. These reasons included the Court's finding that the request for production at issue in Cimarron's motion seeks the same document as its earlier request for production, to which Railroad Plaintiffs objected and Cimarron did not timely move to compel production in accordance with D. Kan. Rule 37.1(b). The Court also found that Cimarron's request for production of the Operating Agreement between BNSF and Amtrak is not proportional to the needs of this case. Cimarron claims the Operating Agreement is needed to establish its defense that BNSF and Amtrak were operating as a joint venture for purposes of comparing their fault against Cimarron. However, given the proprietary and confidential nature of the information contained in the Operating Agreement, along with the amount of information in the Operating Agreement that would not be relevant to Cimarron's alleged defense, the Court finds there are less burdensome and more efficient ways for Cimarron to discover information applicable to its joint venture affirmative defense. Although Cimarron is requesting the Operating Agreement for

a different purpose than Intervenor-Plaintiffs, the Court notes it previously denied an earlier request by Intervenor-Plaintiffs for the Operating Agreement (aka Master Agreement) in its December 19, 2016 Memorandum and Order (ECF No. 82).

IT IS SO ORDERED.

Dated March 5, 2018, at Kansas City, Kansas.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge