UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and BNSF RAILWAY COMPANY,<br><br>    Plaintiffs,<br>and<br><br>EVERETT OWEN, et al.,<br>    Intervenor-Plaintiffs,<br>v.<br><br>CIMARRON CROSSING FEEDERS, LLC,<br><br>    Defendant,<br>and<br><br>NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK; and BNSF RAILWAY COMPANY,<br><br>    Defendants and<br>    Intervenor-Defendants. | Case No. 16-cv-1094-JTM-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Fees on Motion for Sanctions, Cross Motion for Sanctions, and Response to Motion for Protective Order (ECF No. 350) filed by Plaintiffs National Railroad Passenger Corporation and BNSF Railway Company (jointly "Railroad Plaintiffs"). As authorized by the Court's February 7, 2018 Memorandum and Order (ECF No. 337), Railroad Plaintiffs' motion requests that Intervenor-Plaintiffs be ordered to pay the reasonable attorney fees incurred by Railroad Plaintiffs in responding to Intervenor-Plaintiffs' motion for sanctions and for protective order. Railroad Plaintiffs request a total of $36,288 in attorney fees, reflecting 211.8 hours charged by three attorneys. Intervenor-Plaintiffs contend the amount of attorney fees requested by Railroad Plaintiffs is grossly excessive. They request that the claimed hours be reduced by 90% and payment of any attorney fee award be

stayed until the conclusion of trial. After the motion was fully briefed, the Court ordered Railroad Plaintiffs to file copies of the underlying billing records in support of their attorney fee request.  For the reasons set forth below, the Court orders counsel for Intervenor-Plaintiffs to pay Railroad Plaintiffs attorney fees in the amount of **$17,745.50** with such amount to be paid within sixty (60) days of this Order.

## I.        Brief Factual Background

On November 13, 2017, Intervenor-Plaintiffs filed a five-page motion for sanctions and request for protective order against Railroad Plaintiffs, along with a 32-page memorandum in support with 421 pages of exhibits.[1]  Intervenor-Plaintiffs requested sanctions based upon alleged discovery abuses by Railroad Plaintiffs' counsel, which included allegations of coaching and altering a witness's deposition testimony, misusing the corporate designee process to paint a false narrative, concealing documents until they become advantageous to their own defense or legal theory, producing documents in a piecemeal fashion so their significance would not be understood, engaging in an eleventh-hour document dump so there would not be adequate time to depose witnesses on relevant documents, obstructing discovery of key evidence, and attempting to procedurally limit Intervenor-Plaintiffs to an incomplete record.[2]  On November 27, 2017, Railroad Plaintiffs filed a 57-page combined response and cross-motion for sanctions with 622 pages of exhibits,[3] as well as a separate 10-page response (with 20 pages of exhibits) to

---

[1] ECF No. 262 and 263.

[2] *See* Motion at 2, ¶ 1, ECF No. 262.

[3] ECF No. 273.

the request for protective order.[4] Intervenor-Plaintiffs filed their 22-page combined response and reply to the sanctions motions on December 12, 2017.[5]  On December 26, 2017, Railroad Plaintiffs filed a 28-page reply with 354 pages of exhibits in support of their cross-motion for sanctions.[6]

On January 19, 2018, the Court denied Intervenor-Plaintiffs' request for protective order and indicated it intended to award Railroad Plaintiffs their expenses under Fed. R. Civ. P. 26(c)(3), but deferred addressing the amount of the award until it ruled on the sanctions motions.[7]

The Court conducted a telephone motion hearing on the sanctions motions on February 1, 2018, and entered its Memorandum and Order on February 7, 2018 denying Intervenor-Plaintiffs' motion for sanctions and granting Railroad Plaintiffs' cross-motion for sanctions.[8] The Court concluded that the discovery abuses alleged by Intervenor-Plaintiffs in their motion appeared overstated or did not rise to the level of sanctionable offenses. It further found that Railroad Plaintiffs had provided explanations for the discovery abuses alleged by Intervenor-Plaintiffs, which either fully refuted the allegations, or provided additional information or context that diminished the substance of the allegations.[9]

---

[4] ECF No. 272.

[5] ECF No. 293. Intervenor-Plaintiffs also filed a separate reply (ECF No. 292) to Railroad Plaintiffs' response to their motion for protective order.

[6] ECF No. 302.

[7] Jan. 19, 2018 Mem. & Order at 4, ECF No. 324.

[8] *See* Feb. 7, 2018 Mem. & Order, ECF No. 337.

[9] *Id.* at 2.

Pertinent to the fee request here, the Court found the filing of Intervenor-Plaintiffs' motion for sanctions directly caused Railroad Plaintiffs to incur significant expense in opposing the motion for sanctions and prompted the filing of their cross-motion for sanctions. Based upon this finding, the Court awarded Railroad Plaintiffs their reasonable expenses, including attorney fees, incurred in opposing Intervenor-Plaintiffs' motion for sanctions under the Court's inherent authority. It also granted Railroad Plaintiffs their reasonable expenses, including attorney fees, incurred in opposing Intervenor-Plaintiffs' request for protective order under Rules 26(c)(3) and 37(a)(5)(B).

## II.     Attorney Fees Request

Railroad Plaintiffs request attorney fees in the amount of $35,034.50 for 204.7 hours of work by two partner-level and one associate-level attorneys responding to Intervenor-Plaintiffs' motion for sanctions. They also seek $1,253.50 for 7.1 hours by these same three Kansas City attorneys responding to Intervenor-Plaintiffs' motion for protective order.

In determining reasonable attorney fees, the starting point for determining the amount of a reasonable fee is the "lodestar" figure, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[10] The applicant bears the burden of establishing an entitlement to an award and documenting the appropriate hours expended and hourly rates.[11] Once an applicant has met this burden, the lodestar figure is presumed to be a

---

[10] *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

[11] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

4

reasonable fee.[12] The court may adjust the lodestar upward or downward as necessary.[13] Although the lodestar factors are used in awarding reasonable fees in civil rights cases brought under 42 U.S.C. § 1988, they are generally equally applicable in the context of awarding reasonable fees as a sanction.[14]

In examining the hourly rate, the court is to refer "to the prevailing market rates in the relevant community."[15] "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[16] Intervenor-Plaintiffs do not argue the respective hourly rates charged by Railroad Plaintiffs' counsel should be reduced or exceed the prevailing market rates charged by lawyers of comparable skill and experience in this type of litigation. Based upon the Court's own knowledge and other relatively recent cases discussing prevailing attorney billing rates in either Kansas City or Wichita, the Court finds that the $185 partner-level and $155 associate-level hourly rates charged by Railroad Plaintiff's counsel are actually below the prevailing market rates for attorneys of their experience for similar types of litigation in the Kansas City and Wichita areas.[17] Railroad Plaintiffs' counsel has made a

---

[12] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[13] *Blum*, 465 U.S. at 888.

[14] *See Farmer v. Banco Popular of N. Am.,* 791 F.3d 1246, 1259 (10th Cir. 2015) (finding lodestar method was an acceptable approach to determine the reasonableness of an award of attorney fees and costs as punitive sanctions); *Starlight Int'l, Inc. v. Herlihy*, 190 F.R.D. 587, 590 (D. Kan. 1999) (finding factors in awarding reasonable fees in a civil rights case brought under 42 U.S.C. § 1988 generally equally applicable in the context of awarding reasonable fees as a sanction).

[15] *Blum*, 465 U.S. at 895.

[16] *Case*, 157 F.3d at 1256.

[17] *See e.g., King v. Fleming*, No. 16-2108-JAR-GLR, 2017 WL 1135579, at *2 (D. Kan. Mar. 27, 2017) (approving $200 hourly rate for Kansas City attorney as "exceedingly reasonable" in light of attorney's experience, the complexity of the case, and hourly rates typically approved); *Hoffman v.*

sufficient showing that the $185 partner-level and $155 associate-level hourly rates are reasonable under the applicable standard.

Railroad Plaintiffs must next show the claimed number of hours expended was reasonable. In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[18] In determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing.[19] The Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary.[20]

The multiple discovery abuses Intervenor-Plaintiffs asserted against Railroad Plaintiffs, and their extensive citations to the depositions, exhibits, and pleadings, required Railroad Plaintiffs' counsel to expend significant time reviewing the record and pleadings, conducting legal research, and drafting extensive briefing. Counsel for Railroad Plaintiffs submitted bills for

---

*Poulsen Pizza LLC*, No. 15-2640-DDC-KGG, 2017 WL 25386, at *7 (D. Kan. Jan. 3, 2017) (approving rates of $600, $450, and $400 an hour for Kansas City attorneys);; *Schoonover v. Colvin*, No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (approving reduced hourly rate of $400 for Wichita attorney); *Rogers v. Bank of Am., N.A.*, No. 13-1333-CM, 2014 WL 6632944, at *2 (D. Kan. Nov. 21, 2014) (finding $300 partner and $225 associate hourly rates were in line with prevailing Wichita market rates).

[18] *Case*, 157 F.3d at 1250.

[19] *Rogers*, 2014 WL 6632944, at *3.

[20] *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.").

204.7 hours responding to Intervenor-Plaintiffs' motion for sanctions and 7.1 hours responding to the motion for protective order. The Court finds that Railroad Plaintiffs have provided a very detailed accounting of the services performed and thoroughly itemized billing invoices. They did not block bill for their work. Based upon the thorough billing invoices submitted, the Court does not question that Railroad Plaintiffs' counsel worked and billed all reported hours responding to the sanctions motion and that Railroad Plaintiffs paid them for all the time billed. However, for purposes of determining whether attorney fees are reasonable, the Court considers that Railroad Plaintiffs may choose to invest considerable resources by hiring multiple attorneys in defending against allegations such as those brought by Intervenor-Plaintiffs. But that does not mean all of the hours billed by all the attorneys should be reimbursed by Intervenor-Plaintiffs. If a party is represented by more than one attorney, the court must be vigilant to ensure that no billed attorney fees are duplicative.[21] In the *Hayes* case, District Judge Marten has excluded as duplicative time spent by multiple attorneys when "engaged in *overlapping* labor, not in a division of labor."[22] This Court has similarly, in *Rogers v. Bank of America, N.A.*, excluded duplicative hours expended by multiple attorneys for conferring, or major revisions or re-writing of motion and briefs.[23]

After reviewing the billing records, the Court finds that, under the standards set out above, the 7.1 claimed hours responding to the request for protective order are reasonable. The

---

[21] *Hayes v. I.C. Sys., Inc.*, No. 2:14-CV-2513-JTM-KGG, 2015 WL 506192, at *5 (D. Kan. Feb. 6, 2015). *See also Robinson*, 160 F.3d at 1285 n. 10 ("The term 'duplicative' in the context of attorney's fees requests usually refers to situations where more than the necessary number of lawyers are present for a hearing or proceeding or when multiple lawyers do the same task.").

[22] *Hayes*, 2015 WL 506192, at *5 (emphasis in original).

[23] *Rogers*, 2014 WL 6632944, at *3.

Court, however, finds the 204.7 claimed hours of attorney time spent responding to Intervenor-Plaintiffs' motion for sanctions are in part duplicitous and included time researching and briefing that was not necessary to address issues raised in Intervenor-Plaintiffs' motion for sanctions. Railroad Plaintiffs' use of two partner-level and one associate-level attorneys resulted in some instances of time claimed for overlapping and duplicative labor. For example, time spent by one attorney reviewing the work of another attorney, time spent by two or more attorneys performing the same task, or time claimed for attorneys emailing or discussing the case with each other should be disallowed as duplicative. The Court also disallows time spent on activities not necessary to address the specific allegations in Intervenor-Plaintiffs' motion for sanctions, such as time expended investigating opposing counsels' alleged conduct in other cases, and time expended reviewing and analyzing articles and presentations authored by opposing counsel. After reviewing the detailed billing records submitted by Railroad Plaintiffs' attorneys, the Court disallows the following hours included by the three attorneys responding to Intervenor-Plaintiffs' motion for sanctions:  62.1 hours (of the claimed 94.5) expended by associate Throssell ($9,625.50), 27.7 hours (of the claimed 46.3) for partner Leff ($5,124.50), and 20.5 hours (of the claimed 63.9) for partner Hamer ($3,792.50). The disallowance of these 110.3 hours results in a total attorney fee reduction of $18,542.50 for time incurred responding to Intervenor-Plaintiffs' motion for sanctions. Taking into account the above reduction, the Court concludes that Railroad Plaintiffs are entitled to reasonable attorney fees of $16,492 incurred responding to Intervenor-Plaintiffs' motion for sanctions, and $1,253.50 incurred responding to Intervenor-Plaintiffs' motion for protective order.  This results in a total of $17,745.50 allowed as Railroad Plaintiffs' reasonable attorney fees.

The Court rejects Intervenor-Plaintiffs' request that payment of the attorney fee award be stayed until the conclusion of trial, as contrary to the purpose of the sanction. The sanction must be paid within sixty (60) days of the date of this Memorandum and Order.

**IT IS THEREFORE ORDERED THAT** Railroad Plaintiffs' Motion for Fees on Motion for Sanctions, Cross Motion for Sanctions, and Response to Motion for Protective Order (ECF No. 350) is granted in part and denied in part. Pursuant to Fed. R. Civ. P. 37(a)(5)(B) and 26(c)(3) and its inherent authority, the Court orders counsel for Intervenor-Plaintiffs to pay Railroad Plaintiffs' reasonable attorney fees in the total amount of **$17,745.50** with such amount to be paid within **sixty (60) days of the date of this Memorandum and Order**. A receipt or affidavit showing that such payment has been made shall be filed at the time of payment.

**IT IS SO ORDERED.**

Dated April 27, 2018, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge