UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and BNSF RAILWAY COMPANY, )<br>)<br>Plaintiffs, )<br>and )<br>)<br>EVERETT OWEN, et al., )<br>)<br>Intervenor-Plaintiffs, )<br>)<br>v. )<br>)<br>CIMARRON CROSSING FEEDERS, LLC, )<br>)<br>Defendant. ) | Case No. 16-cv-1094-JTM |

## ORDER REGARDING DISCOVERY DISPUTES CONCERNING VERBALLY ISSUED FORM A SLOW ORDER AND POST-DERAILMENT LOCOMOTIVE VIDEO

On July 20, 2018, counsel for Intervenor-Plaintiffs sent a letter to the undersigned Magistrate Judge advising of three discovery disputes the parties were unable to resolve and seeking expedited resolution of these issues. Railroad Plaintiffs submitted their response on July 24, 2018 and Intervenor-Plaintiffs submitted their reply on July 26, 2018. The Court then requested additional documents and information from Intervenor-Plaintiffs and Railroad Plaintiffs, which they provided on July 27 and July 30, 2018. After reviewing the letters and all materials submitted, the Court makes the following rulings with respect to the disputes concerning Railroad Plaintiffs' late production of a "Verbally Issued Form A Restriction" slow order ("Form A") and post-derailment video.

1.  **Late Production of the Form A Slow Order**

The slow order log Railroad Plaintiffs produced in this case included not only slow orders for the railroad track leading up to the point of derailment, but also slow orders for track east of the point of derailment that was not traversed by the train prior to the derailment, which encompassed the area of the "Warp 62" defect at issue (milepost 372.3 to 373.0). The slow order log also included slow orders placed as early as October 5, 2015. The Form A slow order at issue here, placed October 23, 2015, should have been included on Railroad Plaintiffs' slow order log produced on October 6, 2016, or otherwise produced and identified in discovery.

Railroad Plaintiffs produced the Form A slow order to Intervenor-Plaintiffs by email on April 25, 2018, preceding the April 26, 2018 deposition of Intervenor-Plaintiffs' track maintenance expert, Alan Blackwell. Counsel for Railroad Plaintiffs questioned Blackwell regarding this slow order and Intervenor-Plaintiffs had the opportunity to redirect Blackwell during the deposition. Railroad Plaintiffs state they have no objection to Blackwell supplementing his expert report regarding issuance of the Form A and that Railroad Plaintiffs do not intend to impeach Blackwell on this issue. Railroad Plaintiffs also advise they are willing to make BNSF employee Tim Abel available for deposition on issues limited to this Form A and associated repair work.

Railroad Plaintiffs' expert, Gary Wolf, was deposed on June 8, 2018. During this deposition, counsel for Intervenor-Plaintiffs inquired about the subject Form A, which was attached as an exhibit to Wolf's May 4, 2018 rebuttal report. When asked about the timing of when he received this Form A, Wolf testified he did not remember when he received it. In response to the Court's inquiries, Railroad Plaintiffs produced an email showing Form A was

sent to Wolf's assistant on April 25, 2018. Wolf was also asked questions regarding the railroads' use of verbal slow orders generally and the defect that was the subject of this particular Form A. Intervenor-Plaintiffs have therefore already had some opportunity to inquire regarding the subject Form A. Additionally, in his deposition, Wolf identified Tim Abel as the BNSF employee who placed the Form A slow order.[1]

Due to Railroad Plaintiffs' late production of Form A and to mitigate any potential resulting prejudice to Intervenor-Plaintiffs, the Court will allow Intervenor-Plaintiffs to conduct additional discovery on this issue, but strictly limited to the following: Intervenor-Plaintiffs may conduct the deposition of Tim Abel regarding the Form A issued October 23, 2015 and repairs performed as a result of that Form A, including how Abel received the data from the FRA geometry car, how he identified FRA geometry car defects, how Abel issued and removed the Form A, the names of workers who performed the repairs (to the extent known by Abel), and whether ballast was restored as a result of this Form A. Deposition questions of Abel shall <u>not</u> include questions regarding incentive bonuses. The Abel deposition shall be limited to 4 hours and no continuances of the deposition will be allowed. Counsel shall confer and notify the Court by **August 10, 2018**, of the date and time the deposition will be conducted and, if any disputes arise during the deposition, counsel shall contact the Court during the deposition for a ruling.

Additionally, the Court orders that the expert report of Intervenor-Plaintiffs' track maintenance expert Blackwell may be supplemented or amended on or before **August 31, 2018**, solely for the purpose of correcting any statements and opinions regarding the railroad's failure to issue a slow order or to document repairs to the track that is the subject of the Warp 62 defect.

---

[1] Wolf dep. 193:11–21, ECF No. 444-6.

In addition, the Court orders that Railroad Plaintiffs shall not use this topic to impeach Blackwell at trial.

### 2. Continuation of Wolf Deposition and Production of Publications

Intervenor-Plaintiffs request leave to reconvene the deposition of Gary Wolf and for an order compelling production of the highlighted publications on Wolf's curriculum vitae. Railroad Plaintiffs have filed a Motion to Quash the Notice of Deposition of Gary Wolf (ECF No. 444). The Court will address Intervenor-Plaintiffs' requests regarding the Wolf deposition in a separate order after Intervenor-Plaintiffs file their response to the motion to quash.

### 3. Late Disclosure of Additional Post-Derailment Locomotive Video

Intervenor-Plaintiffs also advise the Court that less than a month ago, Railroad Plaintiffs disclosed more video from the lead locomotive at the site of the derailment. This newly produced post-derailment video is being used by Railroad Plaintiffs to rebut one of the alternate theories Intervenor-Plaintiffs have raised concerning visibility. In response, Railroad Plaintiffs argue that the post-derailment locomotive video footage at issue was not within the scope of the Court's prior order relating to the locomotive video, which required Railroad Plaintiffs to produce only the unedited video from the one hour before the derailment that had been provided to the NTSB. They further state that Amtrak timely and properly produced the one-hour video provided to the NTSB as ordered by the Court.

The Court finds that the one-hour locomotive video leading up to the derailment, which Railroad Plaintiffs previously produced was what the Court understood Intervenor-Plaintiffs were requesting in their earlier motion and what the Court ordered produced in its October 12, 2017 Memorandum and Order (ECF No. 242). Railroad Plaintiffs' recent production of the

additional post-derailment video footage was to rebut Intervenor-Plaintiffs' proposed claims the locomotive's lights were on dim at the time of the accident—claims Railroad Plaintiffs argue were asserted for the first time in May 2018 in the proposed pretrial order. Even if some of Intervenor-Plaintiffs' earlier discovery requests may be reasonably read to contemplate production of all locomotive video, including any post-derailment video, Intervenor-Plaintiffs have not convinced the Court that they will be unduly prejudiced by the late production of the post-derailment video, nor have they requested any specific relief. Accordingly, the Court will not grant any relief in response to Intervenor-Plaintiffs' letter to the Court regarding the post-derailment locomotive video.

IT IS SO ORDERED.

Dated August 3, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge