UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER<br>CORP. and BNSF RAILWAY COMPANY,<br><br>    Plaintiffs,<br>and<br><br>EVERETT OWEN, et al.,<br><br>    Intervenor-Plaintiffs,<br><br>v.<br><br>CIMARRON CROSSING FEEDERS, LLC,<br><br>    Defendant. | Case No. 16-cv-1094-JTM-TJJ |
| MICHAEL LEE ROUNDS,<br><br>    Plaintiff,<br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORP. d/b/a AMTRAK, et al.,<br><br>    Defendants. | Case No. 18-cv-1081-JTM-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Quash the Notice of Deposition of Gary Wolf (ECF No. 444) filed by Plaintiffs National Railroad Passenger Corporation and BNSF Railway Company. Plaintiffs request the Court quash or enter a protective order regarding Intervenors' Notices[1] to take the second or continued deposition of Plaintiffs' retained expert, Gary Wolf ("Wolf"). They alternatively request that if the Court permits Wolf to be deposed

---

[1] *See* Wolf Dep. Notices, ECF Nos. 444-10 & 444-11.

again, his deposition be substantially limited in time and scope. They also object to Intervenors' deposition notices to the extent the notices request production of "all publications/ presentations" listed on Wolf's curriculum vitae ("CV") for the last ten years. They also object to producing any of Wolf's proprietary publications and presentations without adequate restrictions on how that information may be used or disseminated. Intervenors have filed a response in opposition to the motion (ECF No. 451) and counsel for the parties previously emailed chambers seeking expedited resolution of this and two other discovery disputes.[2] The motion is granted in part and denied in part.

1. **Request to Depose Wolf**

After reviewing the motion, response, and all materials submitted to date, the Court denies Plaintiffs' request to quash the deposition notices of Wolf. Regardless of whether Intervenors' notices seek a second deposition of Wolf under Fed. R. Civ. P. 30(a)(2)(ii), or merely the continuation of his first deposition, Intervenors shall be permitted to depose Plaintiffs' expert Wolf regarding the highlighted publications and presentations listed on his CV. Intervenors' counsel specifically raised and discussed this issue with Plaintiffs' counsel at Wolf's June 8 deposition. Intervenors' counsel clearly indicated his intent to further question Wolf regarding the highlighted publications after Wolf produced them.[3] The subsequent colloquy with Wolf—while specifically mentioning several of Wolf's publications and presentations—did not

---

[2] *See* Order Regarding Discovery Disputes, ECF No. 448.

[3] *See* Wolf dep. 64:7–15:

MR. POTTROFF: Well, I'm willing to work it out any way we can, and I don't want to run everybody late into a Friday just to find out we're going to move it. But I can go so far today but I -- I have no intention of finishing without having his publications. I don't know about Mr. McMonigle and his thought process, but I believe we have a right to question the witness over his publications.

address or delve into the substance of those publications and presentations, but primarily ascertained the general nature of the publication or presentation, and whether the presentations had a PowerPoint or additional documentation.

Plaintiffs argue there is no need for Intervenors to depose Wolf about the highlighted publications and presentations because there is no indication that Wolf reviewed or relied on them in formulating his opinions in this case. Intervenors counter that they should be allowed to depose Wolf about his publications and presentations that are relevant to material issues in this case and in particular relevant to his expert opinions on those issues. The highlighted publications and presentations about which Intervenors seek to depose Wolf include publications and presentations about derailment investigation cause finding, ballast and track condition requirements and how train handling can cause or contribute to cause a derailment. These publications and presentations appear relevant to the opinions Wolf expressed in his expert reports, including specifically Intervenors' claims, and for impeachment purposes. Intervenors have demonstrated that they should be allowed the opportunity to ask Wolf questions eliciting his testimony regarding his prior publications and presentations relating to material issues in this case. However, the scope of the Wolf deposition inquiry shall be limited to questions regarding the highlighted publications and presentations the Court is ordering Wolf to produce, as set forth below. Wolf's deposition shall also be limited to two (2) hours of on-the-record time,[4] and Wolf shall not be required to appear in person for his second deposition, but may appear either by telephone or video or other electronic means as selected by Intervenors. The parties shall confer and cooperate in scheduling Wolf's deposition so that it is completed by **August 31, 2018**.

---

[4] Intervenors state in their response they are willing to limit Wolf's continued deposition to two hours of on-the-record examination. ECF No. 451 at 2. A two-hour limit is reasonable given that Wolf's June 8 on-the-record deposition time was 4 hour and 19 minutes, well within the six-hour limit.

2. **Production of Wolf's Publications and Presentations**

Intervenors, in their response, request that the Court order production of the previously requested and agreed-to publications and presentations highlighted on Wolf's CV. Plaintiffs object to the requested production.

The transcript of the June 8, 2018 Wolf deposition and email correspondence preceding earlier expert depositions reveals that counsel for Plaintiffs and Intervenors agreed to limit requests for all publications authored by the expert "during the last ten years" to just the CV publications (or materials cited in the expert report and relied upon in reaching the expert's opinions) that deposing counsel identified before the expert's deposition. Consistent with this agreement and practice, Intervenors' counsel sent an email to Plaintiffs' counsel on June 7, 2018 at 2:13pm, attaching a yellow highlighted version of Wolf's CV and stating, "Please send me the highlighted publications."[5] At the time the email was sent, Wolf had already traveled to Kansas City to prepare for his deposition scheduled for the following day, June 8. Wolf did not produce any of the highlighted publications or presentations at his deposition. During Wolf's deposition, when Intervenors' counsel inquired about Wolf's publications and presentations, Plaintiffs' counsel brought up counsels' prior agreement to limit production of expert-authored publications to those expressly identified before the deposition. Statements made by Plaintiffs' counsel at the deposition also indicate Plaintiffs agreed to produce at least the publications identified by Intervenors' counsel.[6] Wolf himself also offered to produce the publications and presentations

---

[5] June 7, 2018 Pottroff Email, ECF No. 444-5.

[6] *See* Wolf dep. 64:16–19, ECF No. 444-6 ("Well, as far as the ones [Intervenors' counsel] identified yesterday, I mean if you want to ask [Wolf] about those and if they're available and when he can get them, that's fine.").

mentioned at his June 8 deposition,[7] with Plaintiffs' counsel confirming Wolf's agreement to produce them.[8] It thus appears that Plaintiffs and Wolf agreed at Wolf's June 8 deposition to produce the highlighted publications and presentations on Wolf's CV.

The Court notes that Intervenors' deposition notices served on June 29 and July 24, 2018 request production of publications and presentations listed on Wolf's CV only "for the last ten years." However, the highlighted publications and presentations identified for production by Intervenors' counsel (in his June 7, 2018 email attachment) include several that were published or presented before the ten-year time period The Court therefore limits the scope of the Wolf deposition notices to all publications and presentations that Intervenors' counsel highlighted on Wolf's CV <u>and</u> that were authored or presented within the last ten years. Limiting production to the last ten years, as set out in Intervenors' deposition notices, is supported by the proportionality requirements of Fed. R. Civ. P. 26(b)(1). The Court further requires that any Wolf publications and presentations that are not publicly available shall be subject to the same confidentiality limitations and restrictions contained in the Agreed Protective Order Regarding Personal Records (ECF No. 61) or other protective order as agreed by the parties.

---

[7] *See* Wolf dep. 84:9–15:

Q: Okay. Well, before I move on are we going to get a production of the documents we've gone through or not?
A: To the extent I can locate them, sir, yes, I'll — I'll be happy to provide all these.
Q. Okay. PowerPoints or publications—
A. Yeah.

[8] *See* Wolf dep. 84:17–122:

MR. LEFF: Yeah. And – and I don't necessarily agree that PowerPoints for presentations given at as –at a seminar would qualify as a publication, but in order of moving things along I think Mr. Wolf said he'd be happy to provide those, so.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Quash the Notice of Deposition of Gary Wolf (ECF NO. 444) is granted in part and denied in part as set forth herein. Intervenors shall be permitted to depose Wolf on the highlighted publications and presentations the Court is ordering Wolf to produce herein. Wolf's deposition shall be limited to two (2) hours of on-the-record time. Wolf shall not be required to appear in person for his second deposition, but may appear either by telephone or video or other electronic means as selected by Intervenors. The parties shall confer and cooperate in scheduling Wolf's deposition so that it is completed by **August 31, 2018**.

**IT IS FURTHER ORDERED** that Plaintiffs shall produce all highlighted publications and presentations identified for production by Intervenors' counsel (in his June 7, 2018 email attachment) that were authored or presented by Wolf within the last ten years. These materials shall be produced **no later than 72 hours before** Wolf's reconvened deposition.

IT IS SO ORDERED.

Dated August 13, 2018, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge