IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


NATIONAL RAILROAD PASSENGER CORP.
*and* BNSF RAILWAY COMPANY,
  Plaintiff,

 *and*

Everett Owen, *et al.*,           No. 16-1094-JTM
  Intervenor-Plaintiffs,

 *vs.*

CIMARRON CROSSING FEEDERS,
  Defendants.


Michael Lee Rounds,
  Plaintiff,

  *vs.*             No. 18-1081-JTM

NATIONAL RAILROAD PASSENGER CORP.
*and* BNSF RAILWAY COMPANY,
  Plaintiff,


MEMORANDUM AND ORDER

By prior Order (Dkt. 529), the court granted the railway plaintiffs' Motions for Summary Judgment, determining that defendant Cimarron Crossing Feeders is the only party potentially at fault in the derailment accident. The matter is now before the court on the Motion to Amend (Dkt. 534) filed by the Intervenor passengers, asking that the

court modify the order to include a partial final judgment pursuant to Fed.R.Civ.P. 54(b), or in the alternative, stay the proceedings pursuant to U.S.C. § 1292(b) and Fed.R.App.P. 5(a)(3). Plaintiffs Amtrak and BNSF oppose the relief sought. (Dkt. 536).

Prior to the summary judgment ruling, the court had bifurcated the trial, authorizing separate trials on the issues of liability and on damages. After the court's ruling, the parties stipulated that Cimarron's contributory negligence eliminated the need for a jury trial on Cimarron's fault. However, by eliminating the passengers' ability to recover against the railroad plaintiffs, the summary judgment ruling (absent relief) effectively forces them to participate in an extensive trial on the issue of damages before they can appeal the court's ruling.

The court finds that the summary judgment ruling is a partial final judgment within the meaning of Rule 54(b). The stipulation entered by the parties in the wake of that ruling explicitly provides that "the Court may *enter judgment* on the issue of liability on behalf of Amtrak, BNSF, and Cimarron based on its negligence as stipulated herein." (Dkt. 531, ¶ 4) (emphasis added). The ruling and stipulation effectively resolve the issues of liability, leaving the only issues in the case the extent of the parties' damages.

The court granted the railroad plaintiffs' Motion to Bifurcate not to create a Hobson's choice for the passengers in deciding whether to appeal, but simply to "reduce overall trial time, simplify decision-making for the jury, and further interests of convenience." (Dkt. 347). The court reached this pragmatic determination in light of the representation by BNSF and Amtrak that "[t]he liability and damages issues in this case

2

are truly distinct." (Dkt. 279, at 2). Indeed, the plaintiffs represented that "the liability determination could even obviate the need for damages determinations altogether." (*Id*.)

The court finds that "there is no just reason for delay." *See* Fed. R. Civ. P. 54(b); *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). The court grounds this determination on the substantial prejudice to the passengers which would arise from forcing them to litigate the issue of damages after the rejection of their liability claims, and plaintiffs' prior emphasis that "the burden and confusion engendered by trying the damages component of 27 different personal injury claims … is significant," (Dkt. 279, at 3) — and, indeed, potentially unnecessary. Rule 54(b) expressly empowers the court to "direct entry of a final judgment as to one or more, but fewer that all claims or parties." This is the appropriate result here, where all of the passengers' claims against BNSF and Amtrak have been resolved. Considering all of the circumstances of the case, including the nature of the issues involved, the circumstances of the parties, and the relative hardship, relief under Rule 54(b) is appropriate.

As noted earlier, the passengers argue in the alternative that the summary judgment ruling should be certified for appeal pursuant to 28 U.S.C. § 1292(b). The statute, however, permits such certification only where (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may advance the ultimate termination of the litigation materially. The second element exists if the issue "'is difficult, novel, and either a question on which there is little precedent or one whose

correct resolution is not substantially guided by previous decisions.'" *Farmer v. Kan. State Univ.*, No. 16-CV-2256-JAR-GEB, 2017 WL 3674964, at *3 (D. Kan. Aug. 24, 2017) (quoting *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014)). This element is not established merely because the parties submitted extensive briefs, *see General Refractories Co. v. Allstate* Insurance, 1995 WL 71044, *1 (E.D. Pa. Feb. 22, 1995), or by the length of the court's opinion. *See Flaherty v. Filardi*, 2007 WL 1827841, *3 (S.D.N.Y. June 26, 2007).

However, the court need not resolve the issue because, as noted earlier, it determines that the summary judgment ruling should be modified pursuant to Rule 54(b). Further, the court finds that the interests of justice support a stay of the present action pursuant to Rule 62(h) pending the resolution of an appeal. Under Rule 62(h), the "court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." The court hereby stays all proceedings in the present action pending an appeal.

IT IS ACCORDINGLY ORDERED this day of March, 2019, that the Intervenors' Motion to Amend (Dkt. 534) is granted as provided herein, the court amends its prior ruling (Dkt. 529) to specifiy that it is a partial final judgment under Rule54 (b), and the present matter is stayed pending further action by the court.

s/ J. Thomas Marten
J. Thomas Marten, Judge
